SILAS E. WARRICK

v.

SEXTON E. SMITH.

*Filed at Springfield May 11, 1891.*

1. MISTAKE—*mutual when by agent of both parties — corrected in equity.* Where the owner of land employs a real estate agent to sell his land, and one seeking to purchase the same also employs the same agent to procure the deed and aid in the consummation of the sale, and the agent makes the sale, reserving the portion of the crops therein due as rent, but in drawing the deed omits to insert such reservation by mistake, the mistake of the agent will be that of his principals, and hence mutual.

2. Where the proof of a mutual mistake of the parties in a deed in failing to insert a reservation therein is clear and satisfactory, a court of equity will reform the deed so as to make it conform to the intention of the parties.

3. AGENT—*for seller and buyer.* It is improper for one employed as agent of one to sell land, to accept money from another negotiating for its purchase, while acting for the first. The same man can not act as agent for both seller and buyer, as his duty to the one is inconsistent with his duty to the other.

APPEAL from the Appellate Court for the Third District;— heard in that court on writ of error to the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

Mr. I. A. BUCKINGHAM, and Messrs. JOHNS & RANDOLPH, for the appellant:

The evidence to justify the reformation of a written contract must show the mistake, and must be clear, precise and convincing. Story's Eq. Jur. secs. 153-162; Pomeroy's Eq. Jur. sec. 859, and cases cited in note 2; 2 Parsons on Contracts, 8, 60; *Sawyer* v. *Hovey,* 3 Allen, 391; *United States* v. *Munroe,* 5 Mason, 597; *Iron Co.* v. *Iron Co.* 102 Mass. 45; *Spencer* v. *Colt,* 89 Pa. St. 314; *Shay* v. *Pettes,* 35 Ill. 360; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Cleary* v. *Babcock,* id. 271;

*Mills* v. *Lockwood,* 42 id. 111; *McDonald* v. *Starkey,* id. 442; *Goltra* v. *Sanasack,* 53 id. 456; *Palmer* v. *Converse,* 60 id. 313; *Sutherland* v. *Sutherland,* 69 id. 481; *Russell* v. *Ranson,* 76 id. 167; *Hamlon* v. *Sullivant,* 11 Bradw. 423; *Oswald* v. *Sproehnle,* 16 id. 368.

Equity will not reform a deed where there is a mistake of law as to the effect of language used, in the absence of fraud. *Gordere* v. *Downing,* 18 Ill. 492; *Coffing* v. *Taylor,* 16 id. 457; *Oswald* v. *Sproehnle,* 16 Bradw. 368; *Shafer* v. *Davis,* 13 Ill. 395; *Wood* v. *Price,* 46 id. 439; *Goltra* v. *Sanasack,* 53 id. 456; Kerr on Fraud and Mistake, 428; *Munford* v. *Miller,* 7 Bradw. 64; *Ruffner* v. *McConnel,* 17 Ill. 212.

Before equity will reform an instrument on the ground of mistake there must be shown the mistake of both parties, or the mistake of one with the fraudulent concealment of the other. The mistake must be mutual, or the mistake of one superinduced by the other. Story's Eq. Jur. 152-162; *Ramsey* v. *McMillan,* 5 Abb. 255; *Sutherland* v. *Sutherland,* 69 Ill. 482.

Messrs. MILLS BROS., for the appellee:

Where a draftsman or scrivener, in preparing a deed, has made a mistake and omitted some portion of the contract of the parties, or if by mistake he has inserted some matter which was not a part of the agreement as made by the parties, a court of equity, upon clear and satisfactory proof being made of the fact of such mistake, will correct the mistake and reform the deed. 1 Story's Eq. Jur. secs. 152-168; *Ruffner* v. *McConnel,* 14 Ill. 168; *Clearwater* v. *Kimler,* 43 id. 272; *Moore* v. *Munn,* 69 id. 591; *Home Ins. Co.* v. *Myer,* 93 id. 271; *Beardsley* v. *Knight,* 10 Vt. 185; *Holabird* v. *Burr,* 17 Conn. 559; *Wooden* v. *Haviland,* 18 id. 107.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed in the Circuit Court of Macon County by appellee against appellant to reform a deed, and to enjoin the prosecution of a replevin suit. The decree of the Circuit Court and the judgment of the Appellate Court were in favor of the present appellee.

In September, 1888, the complainant below, Sexton E. Smith, sold to the defendant below, Silas E. Warrick, 290 acres of land for $11,200.00. At the time of the sale Warrick was occupying 160 acres of the land as tenant of Smith. Jordan L. Smith was tenant of the other 130 acres, the terms of the lease being that he should deliver to his landlord, Sexton E. Smith, two-fifths of all the grain raised during the year 1888.

In making the sale, S. E. Smith and Warrick did not meet each other, as some ill feeling seemed to exist between them. S. E. Smith had placed the land for sale in the hands of Hiram Johnson, a member of the real estate firm of Johnson & Dwight of Decatur. Johnson had been a farmer for many years in Shelby County, and had been a neighbor and friend of S. E. Smith, and had gone to Decatur and become engaged in the real estate business a little less than two years before September, 1888. As Smith's agent, he conducted the negotiations for the sale of the land to Warrick. These negotiations lasted from about the 6th to the 17th day of September, 1888. On the latter day, the deed conveying the land to Warrick, which had been previously drawn by Johnson, was executed by Smith and wife, and was afterwards recorded by Johnson on September 20, 1888. The deed bears date September 17, and is in the usual statutory form of a warrantee deed. It contains no provision as to the crops then growing or grown upon the land conveyed.

On December 3, 1888, Warrick commenced a replevin suit in said Circuit Court against Sexton E. Smith, and the tenant,

Jordan L. Smith, for the possession of the rent corn and hay due the landlord from the crop of Jordan L. Smith. This replevin suit is the one above referred to. The bill alleges, that the crops then growing or grown upon the land were reserved from the sale by the express agreement of the parties, but that a mistake was made in not inserting a reservation of such crops in the deed. The object of the bill is to so reform the deed as to reserve the crops.

In such cases as this, where the proof of a mutual mistake is clear and satisfactory, equity will reform the contract, so as to make it conform to the intention of the parties. (1 Story's Eq. Jur. sec. 152). We have examined the evidence with some care. The parties agreed in advance of the execution of the deed, that the vendor should have the portion of the crops due to him for his rent. Johnson gave Warrick to understand that the crops were to be reserved. Warrick admitted this to a number of witnesses. The agreement for the reservation of the crops by the vendor is established by the testimony of appellee, of Johnson, of Jordan L. Smith, and of at least two other witnesses, while over against it stands the testimony of Warrick alone, who never thought of claiming the crops, until he subsequently discovered that Johnson had accidentally omitted from the deed a clause reserving them to the grantor. That this omission was a mere oversight is satisfactorily shown by the evidence of both S. E. Smith and Johnson.

Counsel for appellant claim that the mistake was not mutual, and refer to the case of *Sutherland* v. *Sutherland*, 69 Ill. 481, where we said that rectification can only be had where both parties have executed the instrument under a common mistake, and have done what neither of them intended. As has been already stated, we are satisfied that Warrick took the land with the distinct understanding and agreement, that Smith was to have the portion of the crops coming to him as landlord. If, therefore, the effect of the deed as drawn was to give such crops to Warrick, the deed did for the parties

what neither of them intended. But in addition to this, Johnson who made the mistake of failing to so draw the deed as to reserve the crops, must be regarded as the agent of both Warrick and Smith so far as the drawing of the deed is concerned. The proof shows, that S. E. Smith agreed to pay Johnson or his firm a certain commission for selling his land. Before Smith finally concluded to accept Warrick's offer of purchase, Warrick agreed to pay Johnson & Dwight $100.00 for services to be rendered him in getting the land from Smith. Warrick says: "this $100.00 was for Smith's agent, Johnson, to stand by me;" again he says: "I gave them $100.00 to help me get my deed." Johnson says: "I prepared the deed * * * after Warrick employed me to close the matter up for him; I prepared it as the agent of both parties; I understood the crops were to be reserved; the omission in the deed was merely an oversight; as I understood it, I was acting for both Smith and Warrick."

It was improper for Johnson to accept money from Warrick, while he was acting as Smith's agent. The same man cannot act at the same time as agent for both seller and buyer. His duty to the one is inconsistent with his duty to the other. It was also improper for Warrick to pay money to Johnson, when he knew that the latter was in the service of Smith. This act has the appearance of an attempt to bribe the agent to be untrue to the trust reposed in him by his principal. But the appellant, in view of such conduct on his part, and in the light of his own evidence and that of Johnson, is estopped from denying that Johnson was his agent, as well as Smith's, in the matter of drawing the deed. This being so, Johnson's mistake was his mistake as well as the mistake of Smith, and hence the omission of the reservation clause must be regarded as the mutual mistake of both parties.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*