## Mary E. Black et al., Ex's, v. Amos Miller.

1. EQUITY PRACTICE—*Objections to Jurisdiction Must be Made in the Trial Court.*—If a defendant in a court of equity answers and submits to the jurisdiction of the court it is too late for him to object in a court of appeal that the complainant had an adequate remedy at law.

2. AGENCY—*An Agent Can Not Act for Both Parties to a Contract.*—A contract made by one who acts as the agent of both parties, may be avoided by either principal, and such cases do not turn upon the point whether there was an intention to cheat or whether the complaining party has suffered an injury; the law declares the transaction fraudulent upon grounds of public policy.

**Bill for an Injunction,** and the cancellation of a note. Error to the Circuit Court of Montgomery County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

### STATEMENT OF THE CASE.

In 1887, Amos Miller, a resident of Hillsboro, Illinois, procured Johnson and Blackwelder, real estate agents, at Wichita, Kansas, to make real estate investments for him in that city. He sent them $1,000 for that purpose, to be invested according to their best judgment. They accordingly made a deal with one Robert Black, father-in-law of Johnson, for the undivided half of four unimproved lots in the outskirts of Wichita for $1,600. Black and wife executed

deed to Miller, $800 was paid to Black, less sale commissions of five per cent—and Miller executed his note to Black for $800, payable in six months, and his mortgage on the lots to secure its payment.

The note not being paid at maturity, Black proceeded to foreclose the mortgage, and, upon a foreclosure sale, bid in the lots for $25 each. He died afterward, testate. At the April term, 1896, of Circuit Court of Montgomery County, Illinois, his executors brought suit against Miller to recover on the note. Thereupon, Miller filed a bill in equity for the purpose of enjoining the suit at law, and having the note surrendered for cancellation upon the ground that the real estate deal was fraudulent as to him.

Upon a hearing, the Circuit Court decreed the sale of the lots and the execution of the note and mortgage to be fraudulent, for the reason that Johnson and Blackwelder were the agents of Black as well as Miller in the deal, that the suit at law be perpetually enjoined, and that the note be surrendered for cancellation.

HOWETT & JETT and F. A. RANDLE, attorneys for plaintiffs in error.

GEORGE R. COOPER, attorney for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This writ of error is prosecuted for the purpose of reversing a decree of the Circuit Court declaring the sale of certain real estate in Wichita, Kansas, fraudulent and void, and perpetually enjoining the prosecution of a suit at law to collect a promissory note given in part payment for the real estate by defendant in error to the testate of plaintiffs in error.

The first point of contention is that defendant in error had an adequate remedy at law.

Waiving a decision of the question whether he could have set up the fraud of the transaction in the suit at law, we will say that the plaintiffs in error are in no position to

urge that contention. If they desired to rely upon that point they should have stood by their demurrer. Instead, they answered and submitted the cause upon the merits. If a defendant in a court of equity answers and submits to the jurisdiction of the court, it is too late for him to object in a court of appeal that the complainant had an adequate remedy at law. Stout et al. v. Cook, 41 Ill. 447; Magee v. Magee, 51 Ill. 500.

The evidence in the record clearly shows that Johnson and Blackwelder in the transaction acted in the dual capacity of agent for Miller, the purchaser, and of agents for Black, the seller. As the agents of Miller, they received his $1,000 and undertook to invest it for speculation. As the agents of Black, they sold the lots upon a commission. The fact that they were not to receive commissions from Miller until after a sale of the real estate had been effected for him did not alter the situation.

The law of the case, then, is well stated by a quotation from Story on Agency, Section 211: "Hence it is well settled that an agent employed to sell can not become the purchaser, and an agent employed to buy can not himself be the seller. And upon the same principle it is held that a contract made by one who acts as the agent of both parties, may be avoided by either principal."

Evidence was introduced tending to show that the real estate at the time of the purchase was fully worth the contract price, and that Johnson and Blackwelder practiced no fraud on Miller. And it is here contended that a purchaser of real estate who sends money to an agent to invest, can not in the absence of fraud or deceit practiced upon him, rescind the contract of purchase where he has suffered no injury and paid no commission, even though the agent was acting for the vendor.

The question in such cases does not turn upon the point whether there was an intention to cheat, or whether the purchaser has suffered an injury. It is upon grounds of public policy that the law declares such a purchase fraudulent. It considers the fiduciary relation of the parties, and

the abuses which may attend such transactions when full and frank disclosures are not made. In transacting the business of his principal, the law will not permit the agent to place himself in a position that will be a strain upon his honesty. And for that reason our Supreme Court has repeatedly held that an agent can not, either directly or indirectly have an interest in the sale of the property of his principal, which is within the scope of his agency, and that it is immaterial in such case that no fraud was actually intended.

In the case of Warrick v. Smith, 137 Ill. 504, following the rule above quoted from Story, our Supreme Court uses this language: " The same man can not act as agent of both seller and buyer. His duty to one is inconsistent with his duty to the other." Of course the rule does not apply in a case where the dual capacity of the agent is known to the principals. And it would be the duty of a principal, ignorant of that fact at the time of the purchase, to disaffirm the contract within a reasonable time after receiving knowledge of it.

One of the points of contention made in this case is that Miller should have been denied the relief sought, because of the delay of nine years in disaffirming the purchase made by Johnson and Blackwelder.

He alleges in his bill and swears that he first obtained knowledge of the fact that Johnson and Blackwelder were the agents of Black in the transaction in the spring of 1896, shortly before he was sued and filed his bill. There is no proof to the contrary. He disaffirmed the contract and sought the aid of a court of equity to relieve him from its consequences very promptly.

It is contended that Miller was not a competent witness because the plaintiffs in error defended as the testators of Black. He testified only to facts occurring after the death of Black, and therefore came within the first exception to section 2 of chapter 51, entitled " Evidence."

An examination of the answer will show that the plaintiffs in error did not deny the allegation in the bill that

knowledge of the fact that Johnson and Blackwelder were agents for Black, only came to Miller just before filing the bill, but in it denied that they were the agents of Black, and went to trial upon that issue.

The decree was right and should be affirmed.