## John T. Fry, Appellant, v. Charles M. Jenkins et al., Appellees.

1. NEGOTIABLE INSTRUMENTS ACT—*alteration of date.* The altera-
tion of the date of a note is a material alteration under sec. 124
of art. 8 of the Negotiable Instruments Act.

2. ALTERATION OF INSTRUMENTS—*ratification.* Where an attorney
on his own initiative alters the date of a note after it has been ex-
ecuted by the parties, in an endeavor to correct a mistake, a bill
praying for a correction of the mistake and a foreclosure of the
mortgage given as security for the note does not amount to a ratifi-
cation of the attorney's act.

3. ALTERATION—*spoliation.* A material alteration of an instru-
ment, by a stranger to the contract without privity of the grantee
or obligee, is a mere spoliation and does not prevent a recovery on
the instrument as it read before the alteration, provided its original
tenor can clearly be shown.

4. REFORMATION OF INSTRUMENTS—*mistake of fact.* A court of
equity will not reform an instrument for a mistake of fact where
it is not clearly shown to be common and mutual to both parties.

5. REFORMATION OF INSTRUMENTS—*substituted note and mortgage.*
Where a new mortgage and note are made in substitution for the
originals, a mistake as to the date of maturity relied upon by the
mortgagor, as part of the consideration for making such new instru-
ments, will not be corrected by a court of equity, nor will equity
allow a foreclosure under the original mortgage.

6. REFORMATION OF INSTRUMENTS—*substituted note and mort-
gage.* Where a new mortgage and note are made in substitution
for the originals, and a mistake as to the date is made but relied
on by the mortgagor, as part of the consideration for such substitu-
tion, an alteration by the attorney on his own initiative, in an en-
deavor to correct the same, will not prevent a recovery on the in-
struments as they read before the alteration.

7. EQUITY—*prayer for general relief.* Where relief cannot be
given in accordance with a special prayer, the court of equity may,
under the prayer for general relief, grant such relief as complain-
ant is entitled to, consistent with the case made by the bill.

8. EQUITY—*relief granted.* Where a bill is brought to correct a
mistake as to the date of a new note and mortgage made in sub-
stitution for the originals, or if that be denied, to grant foreclosure
under the original instruments, and the complainant is not entitled
to such relief, it is error not to decree a foreclosure of the new
mortgage, where the bill contains a prayer for general relief.

Fry v. Jenkins, 173 Ill. App. 486.

Foreclosure. Appeal from the Circuit Court of Hamilton county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded with directions. Opinion filed June 27, 1912.

J. H. LANE, for appellant.

HARRY ANDERSON, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was a bill filed by appellant praying to reform and correct an alleged mistake in a note and mortgage, and for a foreclosure of the mortgage. The chancellor after a hearing found the equities with the appellees, denied the prayer of the bill, and entered a decree dismissing it at the cost of appellant.

The evidence disclosed the following state of facts: On January 27, 1908, appellee Charles M. Jenkins executed to Irl Jenkins his note for five hundred dollars due three years from date, and to secure the payment of the note executed a mortgage on forty acres of land which had been conveyed to him by Irl Jenkins. The five hundred dollars so secured was for part of the purchase money of the land. On February 7, 1908, the note and mortgage were transferred by Irl Jenkins to appellant. After appellant had acquired the note and mortgage he sent them to G. Gale Gilbert, his attorney, at Mt. Vernon, who upon an examination of them wrote to appellant they were not in good form, and prepared another note and mortgage to be executed by Charles M. Jenkins to supply the originals. The new mortgage and note prepared by Gilbert were by mistake dated by him Dec. 28, 1908, instead of Jan. 27, 1908, the date of the original note and mortgage which the new note and mortgage were intended to supply. The latter note and mortgage were sent to Charles M. Jenkins to execute and were signed by him and sent to appellant who forwarded them to Gilbert to inspect

and have recorded. When received by Gilbert he discovered the mistake in the date and without any direction from appellant or from Charles M. Jenkins, and with no intent to defraud, he on his own motion and without the knowledge of appellant changed the dates of the instruments to Dec. 28, 1907, although he intended to change the dates to correspond with the dates of the originals which as before stated were Jan. 27, 1908. The last note and mortgage contained provisions for a receiver, the payment of insurance and taxes and of solicitor's fees in case of foreclosure, while the original mortgage contained no such provision being the usual short or statutory form of mortgage. Appellee Charles M. Jenkins observed the difference in the dates between the original and second notes and mortgages when he signed the latter, and testified he signed it as containing the provisions of solicitor's fees, taxes, etc., and signed it in that form because he saw it would save him almost one year's interest, and that he would not have signed it if it had been dated as of the date of the original mortgage.

The specific prayer of appellant's bill was in the alternative that the court would reform the second note and mortgage so as to make the dates conform to the dates of the original note and mortgage and decree foreclosure, or if that relief was denied that the original note and mortgage which had been surrendered be foreclosed.

It is recited in the decree as a reason for the findings of the chancellor that "the court finds the note in question was changed and altered without the knowledge and consent of the maker", and the position of appellee's counsel is that the alteration of the dates in the note and mortgage made by Gilbert being a material one it had the effect of invalidating the instruments and destroying the mortgage as a lien so it could not be foreclosed. It is not claimed that appellee made the alterations himself or that they were made by his direction, but it is urged that the alterations having

been made by his attorney Gilbert, he ratified the acts by filing a bill to foreclose the mortgage after knowledge of the alterations and therefore he should have no relief in a court of equity. The alteration of the note was a material one under Sec. 124 of Art. 8 of the Act of 1907, entitled "Negotiable Instruments," but Gilbert had no authority to alter it and even if such act of alteration could be ratified (being in violation of a statute) there is no evidence of any ratification by appellant of the act of Gilbert in altering the date. It is contended that the filing of the bill to foreclose was in some way a ratification. On the contrary the bill set forth to the court all the facts and circumstances of the alteration, and while it specifically prayed a correction of a mistake and a foreclosure of the mortgage or in the alternative of the original mortgage, this was no ratification of Gilbert's act in making the alteration.

We are unable to see how the circumstances shown in evidence can deprive appellant of his lien. What act has he committed that it should operate to take away his right to enforce the lien of his mortgage? He has been guilty of no fraud or attempt to defraud the mortgagor. Even if the act of Gilbert could be said to operate as a fraud upon the mortgagor which was not intended, appellant is not to lose his lien for the act of Gilbert with which he had nothing to do, which was not within the scope of Gilbert's authority as his attorney, and of which he has sought no undue advantage. Under this evidence it is not necessary to determine what effect the alterations would have had upon the lien if appellant had been a party to it, or sought to take advantage of it.

"A material alteration of an instrument fraudulently made by its holder deprives the wrongdoer of all rights by virtue of it, but where the alteration was not fraudulent although the identity of the instrument may be destroyed it should not cancel the debt of which the instrument is merely evidence." (Vogle v. Ripper,

34 Ill. 100.) It was further said in that case that in a court of equity a mortgage is regarded as an incident of the debt, and if there was no attempt to defraud there is no reason why a court of equity should not assist the creditor as far as it can consistently.

But in the view we take of this case it is not necessary to invoke the rule in Vogle v. Ripper, *supra,* to preserve appellant's lien. The evidence tends to show that Mr. Gilbert was authorized to supply the old note and mortgage with the second note and mortgage executed by the mortgagor, but the evidence further shows he had no authority from appellant to make the changes in the dates which he made. As to this act he was a stranger to the agreement, was not in privity with appellant, and the act .was a mere spoliation. In 2nd Am. & Eng. Ency. of Law, 2nd Ed. 213, it is said the decisions of the courts in this country are now unanimous that a material alteration of an instrument by a stranger to the contract without the privity of the grantee or obligee is a mere spoliation, and though made without the consent of the party bound by the writing does not prevent a recovery on. the instrument as it read before the alteration, provided only its original tenor can be clearly shown. This text is supported by many decisions including Bledsoe v. Graves, 5 Ill. 382.

Appellant was not entitled to the specific relief prayed in his bill. He was not entitled to a foreclosure of the original mortgage as it was supplied by the second. He was not entitled to a reformation of the second mortgage as prayed, for the reason that the mistake was not a mutual one. There was a mistake on the part of Mr. Gilbert in the dates in preparing the note and mortgage but none on the part of the mortgagor. To authorize a court of equity to reform an instrument for a mistake of fact, the mistake must be common and mutual to both parties and the evidence clear and satisfactory.

A mistake on one side is not ground for reformation.

Sutherland v. Sutherland, 69 Ill. 481; Warrick v. Smith, 137 Ill. 504; Purvines v. Harrison, 151 Ill. 223.

There was a general prayer in the bill for such other and further relief as the nature of the case might require and as should seem agreeable to equity and good conscience.

"If the complainant mistake the relief to which he is entitled in his special prayer, the court may under the prayer for general relief grant such relief as he is entitled to, consistent with the case made by the bill." Stanley v. Valentine, 79 Ill. 544.

The court should have decreed a foreclosure of the second mortgage, and it erred in entering a decree dismissing appellant's bill and in adjudging the costs against him. The decree is reversed and the cause remanded with directions to grant appellant a decree for foreclosure upon the second note and mortgage as of the date they bore when signed by the mortgagor, to wit, Dec. 28, 1908, and to allow interest from that date.

*Reversed and remanded with directions.*