# A. E. BATCHELDER v. JOHN W. STEPHENSON AND ANOTHER.[1]

## October 28, 1921.

## No. 22,532.

**Fraud — complaint good against demurrer.**

False representations deceitfully made by a third person to a prospective purchaser of land relative to its value, and the price for which it was offered and held, may constitute actionable fraud, and the facts alleged in the complaint, showing such representations made by third parties to a prospective purchaser, who reposed confidence in them, stated a cause of action.

Action in the district court for Hennepin county to recover $3,650 for fraudulent representations in the sale of land. Defendants' demurrer to the amended complaint was sustained, Jelley, J. From the order sustaining the demurrer, plaintiff appealed. Reversed.

*Bert O. Loe,* for appellant.

*C. F. Keyes, A. H. David* and *Le Roy Bowen,* for respondents.

DIBELL, J.

This is an appeal by the plaintiff from an order sustaining the demurrer to his complaint upon the ground of insufficiency of facts.

The plaintiff is the assignee of a cause of action for deceit claimed by one Gough against the defendants. The complaint alleges facts substantially as follows: Gough was a farmer living in Yellow Medicine county where he was breeding thoroughbred Duroc Jersey hogs. The defendants published a paper devoted to the interests of breeders. Gough and they became acquainted and had numerous business transactions. They had his confidence. They advised him that it would be to his advantage to buy a farm near Minneapolis and carry on his breeding there, and they volunteered to find a farm suitable for him.

[1]Reported in 184 N. W. 852.

Later they reported that they had found a suitable farm and recommended its purchase. It contained 53 acres, and was owned by one Dutton. It was worth $22,000. Dutton owned a tract of 18 acres adjoining it worth $6,000.

They told Gough that the 53 acres was offered for $25,650; that it was worth that amount; that it could not be purchased for less, and that it could be sold at any time for that much. Gough looked at the land and purchased for $25,650. Dutton had listed the land for sale at $22,000, and was willing to sell at that price. He was willing to sell both tracts for $28,000. He was offering the 18 acre tract for $6,000. The defendants were negotiating for its purchase at the time. By getting Gough to pay $25,650 the defendants secured the 18 acres at $2,350, making a total of $28,000 to Dutton, for which he was all the time willing to sell both tracts. The purpose of the defendants, in making their false representations, was to get Gough to purchase the 53 acres at $25,650, so that they might get the 18 acres for $2,350 instead of $6,000, its worth. The complaint sufficiently alleges that the representations were falsely and fraudulently made to deceive the plaintiff, that he was ignorant of the facts, and that he relied upon the defendants. There was no privity of contract between him and the defendants.

The gist of the cause of action for deceit is fraud resulting in injury to the plaintiff, and whether a third party making the false representations makes or loses is not important, though an actual or anticipated profit may characterize his purpose and actions.

The well settled general rule is that an action of deceit cannot be predicated, under usual circumstances, upon a vendor's fraudulent misrepresentation of the value of the property sold. Men naturally exaggerate the value of what they own. They purposely exaggerate to induce a sale. The buyer knows this. He does not rely upon the vendor's statements of value under ordinary circumstances. The two deal at arms-length. The law, practical here as in other cases, does not build a cause of action against the exaggerating vendor in favor of the vendee foolishly relying upon interested misstatements of his vendor. The fraudulent false representation of a third person is upon a different

footing. The purchaser is not so on his guard, and the circumstances may be such that he relies upon the representation fraudulently made without fault so serious that the law will deny him relief for the injury coming from it.

The rule is recognized in Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360. And see Hubbell v. Meigs, 50 N. Y. 480; McBeth v. Craddock, 28 Mo. App. 380; Adams v. Collins, 196 Mass. 422, 82 N. E. 498. A case often cited is Medbury v. Watson, [6 Metc.] 47 Mass. 246, 39 Am. Dec. 726. Referring to the distinction between misrepresentations by the owner and by a third person the court said [p. 260] :

"In the one, the buyer is aware of his position; he is dealing with the owner of the property, whose aim is to secure a good price, and whose interest it is to put a high estimate upon his estate, and whose great object is to induce the purchaser to make the purchase; while in the other, the man who makes the false assertions has apparently no object to gain; he stands in the situation of a disinterested person, in the light of a friend, who has no motive nor intention to depart from the truth, and who thus throws the vendee off his guard, and exposes him to be misled by the deceitful representations.

In the present case, we think the averments, in the declaration would not have supported an action, if the false representations had been made by the vendor to the vendees. But the representations were made by a third person, apparently disinterested, and who proposed to aid the plaintiffs in making the purchase, and to procure the estate for them for a price which he stated he knew that it cost, and which he affirmed it was worth. Such false affirmations and representations, having been made by a third person, with the intent to defraud, we hold are actionable."

The principle stated finds application here. The defendants had the confidence of Gough. He did not know that they were acting for their own advantage. They knew that he did not know. He was off his guard and took their statements. The fact that he went to the land before he purchased is not of controlling importance on the issue tendered by the demurrer. It will have its proper weight on the trial.

The facts alleged are such, as to call for an answer and the demurrer should not have been sustained.

Order reversed.