## AXEL OLSON AND ANOTHER v. GEORGE T. PETTIBONE AND OTHERS.[1]

October 1, 1926.

No. 25,638.

**Vendors may rescind executory contract of sale because of misrepresentation as to financial responsibility of vendee.**

1. Misrepresentation as to the financial responsibility of a purchaser in an executory contract providing for the payment of the purchase price in future instalments, such purchaser to be in possession, is ground for rescission by the seller.

**Vendors may rescind for vendee's subterfuge, without proof of pecuniary injury, when broker conceals he is acting for both parties.**

2. When such contract was induced by the subterfuge of appellant, for whom the purchase was made, in that the appellant employed a real estate broker to present a nominal purchaser, a "straw man," to plaintiffs representing that appellant was not interested in the transaction, which real estate broker, as part of the scheme, became the agent of plaintiffs without disclosing to them his connection with appellant, plaintiffs are entitled to rescission without showing pecuniary injury.

**Vendors had right to select purchaser and to rescind when they learn they have been induced to enter contract by double dealing of purchaser and broker.**

3. The plaintiffs had a right to select the purchaser, and when, through the double agency instigated by appellant for the purpose

[1]Reported in 210 N. W. 149.

of deceiving plaintiffs as to the identity of the real purchaser, they were induced to enter the contract they had the right to rescind upon learning the truth.

Agency, 26 C. J. p. 692 n. 16; p. 694 n. 33.
Brokers, 9 C. J. p. 536 n. 26, 27; p. 540 n. 53; p. 541 n. 54.
Vendor and Purchaser, 39 Cyc. p. 1286 n. 98.

Action in the district court for Becker county to rescind a contract. Defendant Pettibone appealed from an order, Parsons, J., overruling his demurrer to the complaint. Affirmed.

*Johnston & Carman* and *LeRoy Bowen*, for appellant.

*Henry J. Jenson, Christian G. Dosland* and *Goodwin LeRoy Dosland*, for respondents.

HOLT, J.

The appeal is from an order overruling defendant Pettibone's demurrer to the complaint, the question thereby presented being certified as important and doubtful.

The action is brought to rescind a contract for the sale of plaintiffs' homestead and certain personal property thereon used in conducting a summer resort on a lake at Shoreham, this state.

The complaint alleges that defendant, More, a real estate broker of Fargo, North Dakota, solicited the sale of plaintiffs' property, stating that he had a person at that place who might be willing to purchase, and that plaintiffs consented to sell for $15,000 and pay More a commission of 5 per cent upon the consummation of a sale. Other allegations which we deem material to a decision state, in substance, that pursuant to the employment More produced defendant Flatt as the prospective purchaser and representations were then made that Flatt was financially responsible, that he would conduct a summer resort on the property for a livelihood and would therefore require a provision in the contract of purchase that plaintiffs would not for five years engage in that business within a mile of Shoreham; that defendant Pettibone, who for years had been and still was the owner of a summer resort on that lake and a competitor of plaintiffs, had no interest whatever in the proposed pur-

chase; that said representations were false; that More was in fact the agent of defendant Pettibone who fraudulently had devised this scheme of deceiving plaintiffs to enter a contract of sale of their property ostensibly to Flatt, but in fact for Pettibone; that, relying upon the representations made by More and Flatt that the latter would personally own and conduct a summer resort upon the property and that Pettibone was not interested in the transaction, plaintiffs executed a contract to sell to Flatt for $15,000, payable in seven yearly instalments of $2,000 a year except the second year one to be $3,000, with interest at 7 per cent. The contract is attached to the complaint and contains the agreement on plaintiffs' part not to engage in conducting a summer resort within one mile of Shoreham. It is further alleged that plaintiffs would not have sold, and would not have covenanted as stated had they known that Pettibone was the real purchaser. It is also averred that Pettibone caused the contract to be recorded. Two thousand dollars were paid, which plaintiffs bring into court and tender back.

The overruling of the demurrer may be justified solely on the ground of misrepresentation of Flatt's financial responsibility. The contract was executory, payments in instalments to run over a long period. It is perfectly clear that misrepresentations of financial ability of a purchaser who is to go into possession and pay the greater part of the purchase price in the future is good ground upon which the seller may ask for a rescission.

But there is another feature of the complaint made more prominent in the briefs of the attorneys, and which perhaps will eventually be decisive of the litigation. We refer to the alleged double agency of More. It must be conceded that, if the double agency is laid out of consideration, there is nothing pleaded which would warrant rescission because of deception as to the identity of the real purchaser. The contract runs to Flatt, his heirs and assigns. And, in order to repudiate the same on the ground that Pettibone was the real purchaser when he had been represented as not interested, facts showing injury to plaintiffs because a particular person would possess the property would have to be alleged. There are none. However,

when it comes to a case of double agency, the principal who .did not know that the agent in his employ was also the agent of the other party to the contract has the absolute right to repudiate the transacion upon the discovery of the truth. An agent stands in a fiduciary relation to his principal and cannot be allowed to assume a position which might influence him to antagonize the interests of his employer. A person cannot serve two masters having opposing interests in a transaction. So as a matter of public policy it is generally held that a deal conducted wholly or in part by an agent of one of the parties who at the same time acted for the opposite party may be rescinded by the one ignorant of the double employment without showing any injury or intent to deceive. Rescission is his absolute right.

Especially should this principle be applied without hesitation when, as here, relief is claimed against the instigator of the double agency who devised it for the very purpose of deceiving a complainant to enter a contract which such instigator knew could not have been induced but for the subterfuge to which he resorted. Justice Lurton in City of Findlay v. Pertz, 13 C. C. A. 559, 66 F. 427, 29 L. R. A. 188, says: "It is most obvious that in all such cases of a double agency it is absolutely essential that both principals shall know of and assent to the dual character." And Mechem, Agency (2d ed.) § 1206, states the rule to be that a principal may repudiate a contract induced through his agent who, unknown to him, acted also as agent of the other party to the transaction and that he need not show injury to himself. In § 2138 it is said:

"The contract or dealings made or had by the agent, while so acting for the other party without the knowledge or consent of the principal, are not binding upon the latter, and if they still remain executory, he may repudiate them on that ground, or, if they have been executed in whole or in part, he may by acting promptly and before the rights of innocent third parties have intervened, restore the consideration received, rescind the contract and recover back the property or rights with which he has parted under it. It makes no difference that the principal was not in fact injured or that the

agent intended no wrong, or that the other party acted in good faith; the double agency is a fraud upon the principal and he is not bound."

These authorities among others sustain the text: Black v. Miller, 71 Ill. App. 342 (reversed on the sole ground that there was an adequate remedy at law); Hunter Realty Co. v. Spencer, 21 Okla. 155, 95 Pac. 757 [annotated in 17 L. R. A. (N. S.) 622]; Young v. Hughes, 32 N. J. Eq. 372; New York Cent. Ins. Co. v. Nat. Protection Ins. Co. 14 N. Y. 85; Bell v. McConnell, 37 Oh. St. 396, 41 Am. Rep. 528; Ferguson v. Gooch, 94 Va. 1, 26 S. E. 397, 40 L. R. A. 234; Williams v. Bolling, 138 Va. 244, 121 S. E. 270, and cases therein cited; Hoerling v. Lowry, 58 Wash. 426, 108 Pac. 1090; Truslow v. Parkersburg B. & T. R. Co. 61 W. Va. 628, 57 S. E. 51; Shirland v. Monitor I. W. Co. 41 Wis. 162. In Ferguson v. Gooch, supra, the court said of a principal ignorant of the double agency: "Nothing will defeat the principal's right of remedy except his own confirmation after full knowledge of all the facts. * * * The rights of the principal will not be changed, nor the capacity of the agent enlarged, by the fact that the agent is not invested with a discretion, but simply acts under an authority to purchase a particular article at a specified price, or to sell a particular article at the market price. No such distinction is recognized by the adjudications, nor can it be established without removing an important safeguard against fraud."

Another consideration would also give plaintiffs, under the allegations of the complaint, the absolute right to rescind. They owned the property and were free to select the purchaser. Pettibone knew that they had objection to him, likewise those who acted for Pettibone, for they not only carried out his scheme of More obtaining the agency from plaintiffs but knew that it was necessary to actually represent that Pettibone, their employer, was not interested in the purchase in order to obtain the contract from plaintiff. It seems to us that such duplicity practiced by plaintiffs' agent and to which Pettibone was party, in and of itself gave plaintiffs the right of rescission without showing injury or prejudice, and without regard to whether or not the agent was invested with any discretion. It will not do to establish a rule which will hold a principal to a

contract which the other party has been able to secure by such deception as disclosed by the double agency alleged here.

In view of the above conclusions there is hardly any occasion to refer to the main contentions of appellant, that no discretion was vested by plaintiffs in More, and that the misrepresentations did not affect the subject matter, the identity of the real purchaser being immaterial to plaintiffs so far as facts are well pleaded. As to the latter proposition it has already been pointed out that the falsity of the financial responsibility of the ostensible purchaser was material. As to the claim that More was given no discretion, and hence he was free to enter the secret employ of appellant, the real purchaser, we think it not justified. As above stated, an agent, no matter how limited his scope, stands in a fiduciary relation to his principal and is in duty bound to disclose facts within his knowledge which are to the advantage of the principal. From the facts pleaded it is quite obvious that, if plaintiffs had been informed that their competitor in business was the proposed actual purchaser, they would either not have sold at all or else at a higher price or refused to pay commission to the purchaser's agent, nor would they have consented not to conduct a like business near Shoreham.

The learned trial court ruled rightly and the order is affirmed.