OLE ERICKSON v. A. G. FRAZIER AND OTHERS.[1]

November 12, 1926.

No. 25,333.

**Actionable fraud.**
  The secret inducement of an unfaithful discharge of a duty of trust, to the loss of the party extending confidence, is an actionable fraud.

  Exchange of Property, 23 C. J. p. 196 n. 99, 3; p. 199 n. 64; p. 200 n. 67.
  Fraud, 26 C. J. p. 1217 n. 99; p. 1218 n. 6; p. 1219 n. 9; p. 1220 n. 18; p. 1222 n. 47, 48.

Defendant Frazier appealed from an order of the district court for Roseau county, Watts, J., denying his motion for a new trial. Affirmed.

*F. A. Grady,* for appellant.

*F. H. Peterson,* for respondent.

[1]Reported in 210 N. W. 868.

WILSON, C. J.

Appeal from an order denying defendant A. G. Frazier's motion for a new trial.

Plaintiff was an illiterate farm laborer without business experience, who lived in Wilkin county. He owned 160 acres of land in Roseau county, subject to a mortgage of $500. At the invitation of his friend, one Birkedahl, plaintiff took an automobile trip a considerable distance from his home and was thereby brought into the company of defendant Frazier with whom they stayed all night. Frazier's wife owned 160 acres of land in Roseau county nearer to town than plaintiff's. Frazier approached plaintiff with a proposition to trade land. Negotiations were had. Unbeknown to plaintiff, Frazier contracted with Birkedahl to pay him $100, possibly more, as a commission, if the deal was made. The parties went to look at both tracts of land. Frazier offered to trade if plaintiff would pay $12.50 per acre to boot, which would be $2,000. Birkedahl hurried plaintiff in his examination of the land and told him that it would be a good trade for him to make. Frazier's land was not worth over $1,000 more than plaintiff's. Under the circumstances disclosed by the evidence, it is fair to infer that Birkedahl knew this. Plaintiff relied upon Birkedahl's statement. The deal was made. Plaintiff executed a note to Frazier for $2,500 covering the $2,000 difference and $500 to offset the mortgage. The parties executed deeds, which with the note were deposited with the State Bank of Roosevelt to be held in escrow until the note was paid when the deeds were to be delivered. This action is brought to rescind the contract and for a cancelation of the instruments held in escrow.

Obviously, all the parties knew that plaintiff had confidence in Birkedahl. He was a landowner in that community. By reason of such confidence it was to be expected that plaintiff would be subject to his influence. A fiduciary relation existed. Doubtless this was the reason why Frazier made him his agent. Frazier's conduct tended to corrupt and pervert the judgment of Birkedahl upon which there was reason to believe that plaintiff would act. The plan was thus to deprive plaintiff of the honest advice which he assumed and

believed he was getting. Thus Frazier induced an unfaithful discharge of a duty of trust. This was actionable fraud. The defendant is responsible for the conduct of his agent. Defendant's conduct amounted to a conspiracy to the damage of plaintiff. Malchow v. Malchow, 143 Minn. 53, 172 N. W. 915; Batchelder v. Stephenson, 150 Minn. 215, 184 N. W. 852; Wachowski v. Lutz, 184 Wis. 584, 201 N. W. 234. It could hardly be expected that Birkedahl could be loyal to the trust imposed in him and at the same time serve Frazier in the purposes for which he was employed. Olson v. Pettibone, 168 Minn. 414, 210 N. W. 149.

Affirmed.