WILKIRSON et al. v. THOMPSON.
No. 1889.

Court of Civil Appeals of Texas. Waco.
May 6, 1937.

**1116**

Mark Smith and Lem Wray, both of Waxahachie, for appellants.

Irwin T. Ward, of Cleburne, for appellee.

ALEXANDER, Justice.

This suit was brought by plaintiffs to cancel a deed previously executed by them to the defendant covering an undivided one-half interest in a tract of land in Ellis county. At the conclusion of the evidence, the court gave an instructed verdict for the defendant. The plaintiffs appealed.

S. E. Wilkirson, who owned the land in question at the time of his death, was indebted to the F. & M. Bank on notes in a sum in excess of $3,000. He bequeathed the land to his wife, Mary E. Wilkirson, and his daughter, Ruth Wilkirson, the plaintiffs herein. The bank assigned the Wilkirson notes to its, president, Brooks Thompson, the defendant herein. After the probate of the Wilkirson will, the plaintiffs herein deeded their interest in the land to Brooks Thompson in cancellation of the indebtedness evidenced by said notes. The plaintiffs, as grounds for canceling said deed, alleged (a) that unknown to them a large part of said indebtedness evidenced by said notes had, at the request of the bank examiner, been charged off by the bank and thereby canceled, and consequently was not owing at the time of the execution of said deed; and (b) Thompson represented that the said indebtedness was still held by the bank; that the bank could not accept title to the land in cancellation of said notes; and that the land was being conveyed to him as trustee for said bank.

■ There was no evidence that any part of the indebtedness evidenced by said notes had been canceled. The fact that a part of said indebtedness had been charged off by the bank and that this fact was concealed from the plaintiffs at the time they executed the deed was immaterial. The charging off of the indebtedness and removing the notes evidencing the same from the dependable assets of the bank did not cancel the debt, nor otherwise lessen the debtor's obligation to pay same.

■ The fact that Thompson represented that the Wilkirson notes belonged to the bank and that the land was being deeded to him as trustee for the bank, whereas the notes actually belonged to Thompson and the land was being conveyed to him in person and not as trustee for the bank was not alone sufficient to authorize cancellation of the deed. It is true that misrepresentation as to the identity of one of the parties will sometimes prevent the offer and purported acceptance from becoming a binding contract, 13 C.J. 378; 1 Page on Contracts, § 225; Olson v. Pettibone, 168 Minn. 414, 210 N.W. 149, 48 A.L.R. 913; Galloway v. Russ, 175 Ark. 659, 300 S.W. 390; Morrow v. Ursini, 96 Conn. 219, 113 A. 388. But the transaction here under consideration is a completed one and the suit is for rescission. The contract has been fully performed and the complaining parties have received exactly what they thought they were receiving—the cancellation of the indebtedness to the bank. The rule in this state is settled that the equitable remedy of cancellation or rescission is not available because of fraudulent representations made to induce the execution of a contract unless it is shown in connection therewith that some injury or damage has resulted to the party claiming to be aggrieved. Bryant v. Vaughn (Tex. Sup.) 33 S.W.(2d) 729, par. 1; Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; Blankenship v. Stricklin (Tex.Civ.App.) 77 S.W.(2d) 339, and authorities there cited. Since the plaintiffs wholly failed to plead or prove any injury as a result of the alleged misrepresentation, they were not entitled to rescind the contract, and therefore the trial court properly gave an instructed verdict for the defendant.

The judgment of the trial court is affirmed.