**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-10136
Summary Calendar

JOHNNIE SUE CAWLEY, Independent Executrix
of the Estate of George Berryman, Jr.

Plaintiff-Appellee,

VERSUS

MONY LIFE INSURANCE COMPANY OF AMERICA,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:93-CV-2462)
June 27, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

This diversity case decided on cross motions for summary judgment presents the issue whether, under Texas law, the incontestability clause of a life insurance policy precludes the issuing insurer from contesting that the policy was void ab initio. The district court held that it did and we affirm.

The facts are uncontested. Dr. Berryman, the insured, obtained from Appellant a term life policy on his own life. He

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

subsequently made another person the owner of the policy. Thereafter, he applied to convert it to a universal life policy. The Appellant did so. The universal life policy contains an incontestability clause. Both parties agree that when he requested the change from term life to universal life, Dr. Berryman lacked the legal authority to do so because he was no longer the owner of the policy. Appellant argued to the district court, and does so here, that because the universal life policy was void ab initio, the incontestability clause has no effect; the policy was never "in force". The clause reads:

> This policy will be incontestable after it has been *in force* during the lifetime of the Insured for 2 years from its date of issue, except as to any provision for benefits in case of total disability. But, any material statements made in an application for an optional increase in Specified Amount or in any application for reinstatement will be incontestable only after the increase or reinstatement has been *in force* during the lifetime of the Insured for 2 years from the date it took effect.

The district court concluded, correctly we think, that the law of Texas precluded Appellant's argument. In so holding the court relied primarily upon Central States Life Ins. Co. v. Byrnes, 375 S.W.2d 330 (Tex. Civ. App., 1964 ) N.R.E.; Kansas Life Ins. Co. v. Truscott, 124 Tex. 409, 78 S.W.2d 584 (1935); and Trevino v. American Nat. Ins. Co., 168 S.W. 2d 656 (Tex Com. App. 1943). While these cases do not involve the precise facts and issue of

2

this case, we agree with the district court that these cases correctly state the law of Texas on the subject. Their rational and result appear consistant with the rule in the majority of jurisdictions. <u>See</u>, <u>Keaten v. Paul Revere Life Ins. Co.</u>, 648 F.2d 299 (5th Cir. 1981). The district court correctly applied that law to the facts of this case.

AFFIRMED.