## NATIONAL LIFE & ACCIDENT INS. CO. v. MOORE. (3 Div. 797.)

Supreme Court of Alabama. Oct. 13, 1927.

1. Insurance ⟨key⟩641(2)—Allegations that insurer waived proof of death because agent stated that company would not pay policy held insufficient as not showing that agent was authorized.

In action on policy of life insurance, where insurer set up failure to make proof of death, averments of replication that insurer waived this proof because an agent of insurer, to whom plaintiff reported death, informed plaintiff that insurer would not pay the policy and denied liability thereunder *held* insufficient as failing to show that the agent was acting within scope of authority.

2. Insurance ⟨key⟩641(2)—Allegations that insurer waived proof of death by failing to furnish blanks held insufficient as not pleading duty to do so.

In action on policy of life insurance where insurer set up failure to make proof of death, averment of replication that insurer waived proof by failing to furnish blanks therefor within reasonable time after notice of death and request *held* insufficient, because failing to plead provision of policy requiring insurer to furnish these blanks.

**3. Pleading ⬤➝8(7)—Allegations 'that insurer waived proof of death by failing to furnish blanks· "within reasonable time" held insufficient as conclusion.**

In action on policy of life insurance where insurer set up failure to make proof of death, averment of replication that insurer waived proof by failing to furnish blanks or forms for proof of death within a reasonable time after notice of death and request for blanks *held* insufficient; the allegation as to reasonable time being a mere conclusion.

**4. Appeal and error ⬤➝1040(15)—Error in overruling demurrer to replication held harmless, where defects were supplied by evidence and proper issues were submitted by appropriate instructions.**

Court's error in overruling demurrer to replication by way of confession and ·avoidance *held* harmless, where defects of the replication were supplied by actual evidence and proper issues were submitted to jury by appropriate instructions.

**5. Insurance ⬤➝665(3)—Evidence held to show fraud was practiced on insurer· by impersonation of another for insured.**

In action on policy of life insurance, evidence *held* to show a fraud was practiced on the insurance company by impersonation of another for insured.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on a policy of life insurance by Joe Moore against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Reversed, rendered, and remanded.

John S. Tilley, of Montgomery, for appellant.

The complaint was subject to demurrer. U. S. H. & A. Co. v. Veitch, 161 Ala. 630, 50 So. 95; Eminent Household v. Gallant, 194 Ala. 681, 69 So. 884; Comm. L. I. Co. v. Roy, 204 Ala. 562, 82 So. 522; Nat. Cas. Co. v. McCarn, 207 Ala. 322, 93 So. 31. Plaintiff's replication fails to show the authority of the agent to alter the contract or waive the forfeiture pleaded, and fails to show any requirement in the policy that the defendant furnish blanks. The averment of failure to furnish blanks within a reasonable time is a conclusion. Demurrer taking these points should have been sustained. Hanover F. I. Co. v. Wood. 209 Ala. 383, 96 So. 250; Ala. St. M. A. Co. v. Long, 123 Ala. 677, 26| So. 655; Globe & R. F. I. Co. v. Jones, 213 Ala. 658, 106 So. 172; Prine v. Amer. Cent. Ins. Co., 171 Ala. 348, 54 So. 547; United Order v. Hooser, 160 Ala. 340, 49 So. 354; 10 Cyc. 935. Defendant's motion for a new trial was erroneously overruled.

Ludlow Elmore and Richard T. Rives, both of Montgomery, for appellee.

The complaint is in Code form and not subject to demurrer. Code 1923, § 9531, form 12. If there was error in overruling demurrer to replication, it was without injury; the proof and charges of the court supplying the omission. Metropolitan L. I. Co. v. Carter, 212 Ala. 212, 102 So. 130. The verdict of the jury was in accord with the evidence, and the motion for new trial was properly overruled. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Brown-Ross Shoe Co. v. Abney, 20 Ala. App. 580, 104 So. 288.

SOMERVILLE, J. The action is on a policy of life insurance, 'and the complaint, which follows the new Code form (Code 1923, § 9531, form 12), is not subject to any ground of demurrer. The cases cited by counsel for appellant related to the form provided by older Codes, and are not now applicable.'

[1] The defendant's demurrer to plaintiff's replication to the special pleas was unquestionably well taken and should have been sustained. This replication is in confession and avoidance of pleas setting up plaintiff's· failure to make proof of death as required by ·the terms of the policy. It avers that defendant waived such proof because "an agent of defendant company," to whom plaintiff reported the death of the insured, informed plaintiff that defendant "would not pay said policy of insurance, and denied liability thereunder." This was not sufficient to show that the company was bound by the act of the agent without the further allegation that the agent was duly authorized thereto; that is, that he was, as to the act imputed to him, 'acting within the scope of his authority. Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 383, 96 So. 250; Ala. State Mut. Assur. Co v. Long C. & S. Co., 123 Ala. 667, 677, 26 So 655.

[2, 3] A further ground for the asserted waiver is that the defendant, after notice of death, and a request by plaintiff.for blanks, failed to furnish him, within a reasonable time, any blanks or forms for proof of death. This part of the replication was also subject to apt grounds of demurrer interposed, in that it does not plead any provision of the policy making such a requirement, and hence does not show any duty resting on defendant in the premises, and in that the allegation as to reasonable time is a conclusion merely. St. Louis, etc., R. Co. v. Jamar, 182 Ala. 554, 62 So. 701; Mauldin v. Central, etc., R. Co., 181 Ala. 591, 61 So. 947.

[4] It is, however, insisted for the plaintiff that, even if the demurrer was erroneously overruled, the defects of allegation were supplied by actual evidence, and the proper issues were submitted to the jury by appropriate instructions; and, hence that under our decisions the error was not prejudicial to· the defendant. An examination of the record' confirms the validity of this contention, and

we think it clear that no prejudice resulted to defendant from the error complained of.

We find no material error in the several rulings on the evidence which are presented for review.

[5] We have very thoroughly studied the testimony of all of the witnesses and the documentary evidence exhibited by the bill of exceptions, and we are convinced beyond a reasonable doubt that an imposition and fraud was practiced by the plaintiff upon the defendant, insurance company.

The soliciting agent, Dickson, testified that the plaintiff was present when the application was signed, and that it was *personally* signed by the woman represented to be Martha Morris, and who was personating Martha Morris on that occasion. The witnesses who knew the real Martha Morris, who had lived with the plaintiff at the designated house in their neighborhood, testified that she could neither read nor write; and the plaintiff swore that *he* had signed the name of the applicant—Martha Morris—for her. The bill of exceptions contains a photographic copy of the plaintiff's own signature, "Joe Moore"; and a comparison of the two signatures— each exhibiting a capital "M" before the letter "o"—permits no conclusion except that they were written by different hands. Furthermore, the testimony is overwhelming to the effect that the real Martha Morris, at the time this application was made, and thereafter, was seriously smitten with the malady of which she died a few weeks later. These irrefutable facts, in connection with other suspicious circumstances, force the conclusion that the real Martha Morris knew nothing of the application, but was personated by another woman who was falsely presented to the agent and to the company as Martha Morris, and was then withdrawn from the picture.

We think, therefore, that the suppression of the false and the vindication of the true in this case demand that the mistaken verdict of the jury be set aside and a new trial granted.

To this end the judgment denying a new trial will be reversed, and one will be here rendered sustaining defendant's motion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.