## KANSAS-LIFE INS. CO. v. FIRST BANK OF TRUSCOTT.

### No. 954.

Court of Civil Appeals of Texas. Eastland.

Feb. 26, 1932.

Rehearing Denied March 25, 1932.

Joiner & Cook, of Plainview, James A. Stephens, of Benjamin, and K. W. Halterman, of Topeka, Kan., for appellant.

D. J. Brookreson, of Benjamin, for appellee.

FUNDERBURK, J.

In this case First Bank of Truscott as plaintiff below, suing in its name as an unincorporated banking association, recovered judgment against the Kansas Life Insurance Company, defendant below, for the sum of $2,500, with interest and attorney's fees, upon an insurance policy issued by the defendant to Walter J. Burgess and insuring the life of the latter in favor of his estate as beneficiary. The plaintiff claimed as assignee of the policy, the transfer from the insured having been made to secure certain indebtedness. In addition to a general denial the defendant pleaded a special defense, alleging fraud and collusion on the part of plaintiff and its own agent, who was vice president of plaintiff, together with the insured and medical examiner, which plea was stricken out upon the court's sustaining a general demurrer to the answer and special exception (so styled) to the special plea.

The case is a companion case to cause No. 953 (Tex. Civ. App.) 47 S.W.(2d) 675, of the same style this day decided, and is in all essential respects the same as to the facts and questions presented upon this appeal, except that the date of the policy involved was September 11, 1929, and therefore at the death of the insured the incontestability provision of one year had not expired. Because of this difference the action of the court in sustaining the so-called special exception, which was but a speaking demurrer, was erroneous for two reasons. The special plea did not allege the incontestability provision and therefore it could not be taken as true upon the demurrer. Also, since it was possible for the defendant to have contested its liability within the year, and the special plea did not allege that it had not done so,

the fact that it had not contested its liability within the year could not be treated as true upon the demurrer. Under these circumstances the special exception, amounting as it did to no more than a general demurrer, was not good.

But, as in the other case, the policy in evidence and upon which recovery was awarded did contain the one-year incontestability clause and it was not shown that any contest or liability under the policy was made within one year from the date of the policy, the error of the court in sustaining the exceptions and striking out the special plea was harmless. Our opinion in the other case is referred to for a fuller discussion of the same questions presented in this case, and for the reasons therein stated it is our opinion that the judgment herein should be affirmed, which is accordingly so ordered.