### KANSAS LIFE INS. CO. v. FIRST BANK OF TRUSCOTT.

#### No. 953.

Court of Civil Appeals of Texas. Eastland.

Feb. 26, 1932.

Rehearing Denied March 25, 1932.

of insurance, with the consent of the insurer to secure certain indebtedness owed by the insured to said bank; .that all premiums had been duly paid; and that the insured died on or about the 28th day of July, 1930. Sufficient other facts were alleged to state a cause of action for recovery upon the policy, and there was one allegation as follows: "That among other provisions the said policy contains what is designated therein as 'incontestability', clause as follows: 'This policy shall be incontestable after one year from date of issue except for the nonpayment of premiums or violation of its terms as to military or naval service in time of war, and except as to provisions and conditions relating to disability benefits and those granting additional insurance, specifically against death by accident, if any.'" The defendant pleaded a general denial and specially facts sufficient to show a fraudulent conspiracy between the plaintiff, defendant's agent, who took and forwarded the application for the insurance, the medical examiner, and the insured, to procure the insurance; it being known that the insured was at the time in such a state of health that he was not a proper insurable risk. The allegations of the plea showed that the plaintiff, acting by and through its vice president, who had procured herself to be appointed as agent for the insurance company, induced the said Walter J. Burgess to make the application, to take the medical examination, and go through with all the procedure resulting in the issuance and delivery of the policy and the assignment of the policy to said bank, all for the purpose of giving security to the bank for the indebtedness of the insured to it; the insured at the time not being an insurable risk. To the answer of the defendant insurance company the plaintiff excepted by: (1) A general exception in terms "to the sufficiency of said original answer." (2) A special exception (so denominated) to all the allegations made in said original answer following the general denial, "for the following reasons: Because the policy herein sued on, as shown by its terms, which said policy is filed herein and made a part of the pleadings herein by reference, and as shown in the pleadings of the plaintiff, contains what is generally termed, and as required by the statutes of Texas, an 'incontestable clause' which provides, 'This policy shall be incontestable after one year from date of issuance except for the nonpayment of premiums or violation of its terms as to military or naval service in time of war, and except as to provisions and conditions relating to disability benefits and those granting additional insurance, specifically against death by accident, if any.' That the policy herein sued on, as shown by its date, as pleaded by the plaintiff, was issued on the 16th day of July, A. D. 1929, and the defend-

See also (Tex. Civ. App.) 47 S.W.(2d) 678.

Joiner & Cook, of Plainview, James A. Stephens, of Benjamin, and K. W. Halterman, of Topeka, Kan., for appellant.

D. J. Brookreson, of Benjamin, for appellee.

FUNDERBURK, J.

First Bank of Truscott as assignee of an insurance policy dated July 16, 1929, issued by the Kansas Life Insurance Company to Walter J. Burgess, naming his estate as beneficiary, brought this suit against said insurance company to recover upon the policy. With reference to the plaintiff the petition alleged that "the First Bank of Truscott is an unincorporated banking association composed of T. B. Masterson and Mrs. Ellen Chesser, a widow, and has its place of business at Truscott in Knox County, Texas, where it is engaged in a general banking business." All other references to the plaintiff in the pleading are as if it were a legal entity. The petition alleged the assignment to it of the policy

ant did not attempt to contest same on the grounds set forth in said original answer for more than one year after its said issuance and until said original answer was filed herein on the 20th day of May, 1931, and hence such attempted contest thereof comes too late, and of this plaintiff prays judgment of the court."

The court sustained the general demurrer and special exception, and by order struck out the defendant's answer except the general denial, and upon a jury trial, the court having instructed a verdict in favor of the plaintiff, rendered judgment for plaintiff for the principal of the policy in the sum of $2,500, with additional interest and attorney's fees. The defendant has appealed.

■ Two questions are presented for our determination. First, the right of the plaintiff to bring and maintain the suit in the name and capacity of First Bank of Truscott, an unincorporated banking association, is challenged. Appellant's proposition presenting this point assumes that the plaintiff below was a partnership only and contends that it was error to permit the suit to be prosecuted in the name of the partnership instead of in the names of the individuals composing it, over the exceptions and objections made. The assumption is incorrect. We think that plaintiff did not sue as a partnership. It is immaterial that the members of the association may have been held to a liability as partners. Plaintiff was alleged to be an unincorporated association and a business association, and as such, in a case like this, it had the right to bring and maintain the suit in the name of the association under the express authority of R. S. 1925, art. 6133. The rule may be stated to be that, under authorization of said statute, an unincorporated association, organized for the purpose of conducting a business, can sue and be sued upon causes of action affecting the entire membership alike in the association name alone. 5 Tex. Jur. p. 147, § 26; Brotherhood v. Cook (Tex. Civ. App.) 221 S. W. 1050; M. & M. Lloyds Ins. Exch. v. Southern Trading Company (Tex. Civ. App.) 205 S. W. 352; San Antonio Fire Fighters' Union v. Bell (Tex. Civ. App.) 223 S. W. 506; Home Benefit Ass'n v. Wester (Tex. Civ. App.) 146 S. W. 1022.

■■ The other question presented is assumed by the appellant to be whether or not the one-year incontestable provision was available to prevent the defense of fraud alleged in its special answer. It seems to us that the appellant would have been upon stronger ground merely to have urged that the court erred in sustaining the exceptions. The so-called special exception was what is called a speaking demurrer. A "speaking demurrer" may be defined as one which, in order for it to be good, requires consideration of facts alleged in the demurrer, but not in the pleading to which the demurrer is ad-

dressed. Price v. Advance-Rumley, etc., Co. (Tex. Civ. App.) 264 S. W. 113; Cudahy Packing Co. v. M. K. & T. Ry. Co. (Tex. Civ. App.) 206 S. W. 854; Pyle v. Park (Tex. Civ. App.) 196 S. W. 243; Bennett v. Ross (Tex. Civ. App.) 278 S. W. 314; Brazoria Ind. School Dist. v. Weems (Tex. Civ. App.) 295 S. W. 268; Petty v. McReynolds (Tex. Civ. App.) 157 S. W. 180. The plea to which this exception was addressed did not allege the incontestability clause, nor have attached thereto the policy as an exhibit to said plea. Hence it could not be contended that the special answer was subject to the exception urged except by considering as a fact the existence in the policy of the incontestability clause of one year. A general denial preceding the special defense put plaintiff upon proof of a policy containing a provision as alleged, but the sustaining of the special exception necessarily assumed the existence of such provision in the policy, which, not being alleged in the special plea, could not be taken as true. The so-called special exception therefore added nothing to the general demurrer, and we are of opinion that the general demurrer was not good to the special answer.

■ We have given careful consideration to appellant's contention to the effect that, in a case like this, where its own agent was in fact the agent of plaintiff and was a party to a fraudulent conspiracy, such as was alleged, the incontestability provision cannot be held to cut off such defense. We have concluded that the contention cannot be sustained. The agent merely negotiated the contract. Appellant itself issued the policy, which was in fact delivered. It received the premiums. There was a contract voidable only for the fraud, or according to the contract. We regard it as well settled that the incontestability provision required by law to form a part of all policies such as the one here involved, has the effect, after the expiration of the specified time, to preclude a defense based upon alleged fraud inducing the contract. American National Ins. Co. v. Tabor, 111 Tex. 155, 230 S. W. 397; American National Ins. Co. v. Welsh (Tex. Com. App.) 22 S.W.(2d) 1063; American National Ins. Co. v. Coates, 112 Tex. 267, 246 S. W. 356; Southern Union Life Ins. Co. v. White (Tex. Civ. App.) 188 S. W. 266; American National Ins. Co. v. Briggs (Tex. Civ. App.) 156 S. W. 909.

The operation of the incontestability provision is not affected by the fact that the beneficiary participated in the fraud. Southern Union Life Ins. Co. v. White, supra.

■ In view of these conclusions, we have next to consider if the judgment must be reversed because of the error in sustaining the exceptions and striking out defendant's special plea. The policy in evidence upon which recovery was had did contain the provision that same was to be incontestable after one year from its date. The record therefore af-

firmatively discloses that the error in striking out the special plea was harmless.

 We have given some consideration to the question of whether the appellant may have a cause of action against the appellee for damages for the fraud alleged in said special plea, which could be asserted as a counterclaim or cross-action, and the recovery, if any, offset against the recovery of the appellee. Could such a cause of action be asserted in a case like this against the beneficiary and still full effect be given to the clause of the contract in regard to incontestability? These are interesting questions suggested by this record, but if so the plea in this case was purely and only defensive and not sufficient as the statement of an independent cause of action for damages. We have therefore concluded that the question suggested is not presented for our determination.

Having concluded that the only error disclosed by the record which we are authorized to consider is affirmatively shown to have been harmless, and that therefore the judgment of the court below should be affirmed, it is accordingly so ordered.