For the errors herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

MORROW, P. J., absent.

**AMERICAN NAT. INS. CO. v. BRAWNER.**

No. 1536.

Court of Civil Appeals of Texas. Eastland.

March 27, 1936.

Rehearing Denied May 1, 1936.

Conner & Conner, of Eastland, for appellant.

Grady Owen, of Eastland, for appellee.

GRISSOM, Justice.

Appellee sued appellant upon an insurance policy, alleged to have been issued to appellee's wife, in which he was named as beneficiary, for the face value of $500, for penalty and attorneys' fees. Upon a trial before the court, judgment was rendered for $500, plus penalty, attorneys' fees, and interest.

Appellant alleged in paragraph II of its answer that the policy of insurance sued on never became effective; that the application for insurance was not signed by the alleged insured, nor by her authority, but was signed by the beneficiary named in the policy; that in the application the beneficiary falsely and fraudulently misrepresented the physical condition of his wife with the intention of deceiving and misleading the appellant, and that such representations had that effect. That at the time of the execution of the application and issuance of the policy the insured was suffering from a disease from which she later died. We construe the allegations as charging, in effect, that there was no contract of insurance because there was no meeting of the minds of the supposed contracting parties, to wit, the appellant and deceased.

It was decided in Logan v. Texas Mut. Life Ins. Ass'n, 121 Tex. 603, 51 S.W.(2d) 288, 53 S.W.(2d) 299, that if the alleged insured made no application for insurance, either personally or by agent, then there was no contract of insurance, and, therefore, the incontestable clause provided for in subdivision 3 of article 4732 (R.S. 1925) had no application. This holding was emphasized in the opinion on motion for rehearing. 121 Tex. 614, 53 S.W.(2d) 299. The original opinion of the commission, written by Justice Critz, was expressly adopted by the Supreme Court.

The requisite elements of a contract of insurance are stated in Corpus Juris, as follows: "The elements of a contract of insurance are: (1) A subject matter. (2) A risk or contingency insured against and the duration thereof. (3) A promise to pay or to indemnify in a fixed or ascertainable amount. (4) A consideration for the promise, known as the premium, and the period of payment thereof. (5) An agreement, or meeting of the minds of the parties, upon all the foregoing essential elements. These elements are essential to a contract of insurance regardless of whether it is in writing or in parol." 32 C.J. § 180, pp. 1095, 1096. Also see Ludwinska v. John Hancock Mut. Life Ins. Co., 317 Pa. 577, 178 A. 28, 98 A.L.R. 705; Drake v. Missouri State Life Ins. Co. (C.C.A.) 21 F.(2d) 39; Waterloo Lumber Co. v. Des Moines Ins. Co., 158 Iowa, 563, 138 N.W. 504, 51 L.R.A.(N.S.) 539; 24 Tex. Jur. § 193, p. 947; 14 R.C.L. § 59, p. 884. West v. Life & Casualty Ins. Co. of Tenn., 19 La.App. 249, 140 So. 104;

National Life & Acc. Ins. Co. v. Moore, 216 Ala. 554, 114 So. 45.

█ If there was no contract of insurance between the alleged insured and insurance company, the provisions of subdivision 3 of article 4732 become immaterial. We are of the opinion that the court erred in sustaining the exception to such pleading.

█ The remaining exceptions sustained consisted of so-called "speaking exceptions" which challenged the defense of fraud by virtue of the incontestable clause in the policy. The defense alleged has been determined to be unavailable where subdivision 3 of article 4732 is applicable, and it has been held that since the record shows conclusively the policy which contained the incontestable clause was issued more than two years prior to the time said defense was asserted, the error in striking out such pleading was harmless. American Nat. Ins. Co. v. Welsh et al. (Tex.Com.App.) 22 S.W.(2d) 1063; Kansas Life Ins. Co. v. First Bank of Truscott (Tex.Civ.App.) 47 S.W.(2d) 675, and Id. 47 S.W.(2d) 678 (by this court), affirmed by the Supreme Court, 124 Tex. 409, 78 S.W.(2d) 584, and Id., 124 Tex. 415, 78 S.W.(2d) 587.

In view of another trial, it is not necessary to decide whether the evidence presented showed a strict compliance with article 4736, as amended by Acts 1931, c. 91 (Vernon's Ann.Civ.St. art. 4736), justifying an award of penalty and attorneys' fees. We call attention to the case of First Texas Prudential Ins. Co. v. Long (Tex.Com.App.) 46 S.W.(2d) 297.

█ Appellant alleged that it discovered the falsity of the representations about April 10, 1934. This was about six months before the policy became incontestable under the statute, and afforded ample time within which the insurance company could have asserted its rights then disclosed. This is said to demonstrate that the statute, as it applies to the facts of this case, is not unreasonable.

█ We do not believe that subdivision 3 of article 4732 so limits and restricts the rights of an insurance company as to deprive it of its "remedy by due course of law" guaranteed by the Constitution of Texas.

For the error discussed, the judgment of the district court is reversed, and the cause remanded.