HOBSON, Acting Chief Judge.
The lower court summarily denied appellant’s motion to vacate conviction and sentence, without considering the files and records in the case.
Although his motion was ineptly drawn, appellant substantially alleged, among other things, that proper notice was not given to his parents pursuant to F.S. § 932.38 F.S.A., now F.S. § 925.07 F.S.A., and they failed to attend the criminal proceedings and assist their 18-year-old son as required by the statute. The motion did not allege, however, that he was unmarried at the time he entered his plea of guilty, and therefore it failed to make a prima fa-cie showing that he was entitled to relief on that ground. Champion v. Cochran, Fla.1961, 128 So.2d 386; Penley v. Cochran, Fla.1961, 131 So.2d 721; Miles v. State, Fla.App.1965, 174 So.2d 576; Ziegler v. State, Fla.App.1965, 180 So.2d 477.
If the motion is defective in form or substance and insufficient to state a pri-ma facie case entitling movant to relief, the court may make a summary disposition. See State v. Reynolds, Fla.1970, 238 So.2d 598. The motion was therefore properly denied.
The denial of the motion without a hearing, based upon the insufficiency of the motion, does not preclude the filing of a second motion clearly showing that appellant was an unmarried minor at the time of entering his plea and that the provisions of F.S. § 925.07 F.S.A. were not complied with at that time.
The order appealed is
Affirmed.
McNULTY and BOARDMAN, JJ., concur.