340 So.2d 1182 (1976)
Frank L. CLEMENTS, Appellants,
v.
STATE of Florida, Appellee.
No. 74-1761.
District Court of Appeal of Florida, Fourth District.
December 3, 1976.
Richard L. Jorandby, Public Defender, Daniel W. O'Connell, Asst. Public Defender, and Jeffrey Cohen, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons and Richard P. Zaretsky, Asst. Attys. Gen., West Palm Beach, for appellee.
COBB, WARREN, Associate Judge.
In this case the appellant filed a motion to vacate, alleging the denial of effective assistance of counsel. That motion was denied by the trial court without evidentiary hearing, the order of denial reciting that the court had reviewed the files and records in the case.
*1183 The motion contained the following allegations:
"The plaintiff was the Defendant at trial court, he was arrested in Dade County December 14, 1971 and was charged via Information with a single offense of robbery in Broward County Juanuar (sic) 1972 a independant offense from Dade County.
"On January 27, 1972 the same said went before arraignment in this county, the Public Defenders office was appointed to represent the plaintiff, however, counsel never talked to plaintiff. The plaintiff was immediately sent back to Dade County.
"Then on March 15, 1972 the plaintiff was again forwarded to Broward, this time for actual trial before Judge Futch. At the jail on the same night of the 15th, counsel informed his client of trial the following morning, March 16, 1972. Due to counsel and plaintiffs lack of communication, plaintiff informed counsel of several witness (sic) who certainly could have vindicated him of the offense charged. Counsel sought to contact these witnesses with plaintiff by phone. This was without any avail, upon the mourning (sic) of the 16th, counsel informed the court of this newly discovered evidence and moved accordingly for a continuance to get these witness (sic) from Dade to Broward County, the court denied the same. Plaintiff thus asked the court per se for a continuance and was also denied. Trial commenced subsequently, but not before counsel informed the Honorable Court that he [counsel] due to this information he was supplied with by plaintiff made him inadequate to present his case competently for the plaintiff, counsel also admitted he was unable to consult with plaintiff due to his office being in Broward County and his client being in Dade, plus the fact counsel was out of his office some period of time vacationing. Counsel candidly stated he was not prepared. See: Transcript Pages 1-5."
The problem we perceive is the inadequacy of the post-trial motion in asserting this conclusion that the "several witness(es)... certainly could have vindicated (defendant) of the offense charged." There was no proffer of the prospective testimony by affidavit nor even any factual allegation as to what this exculpatory testimony might be. There is nothing in the motion to show admissible evidence would be forthcoming from the witnesses. Hence, there is no showing before this Court of a causal relationship between the failure to obtain the testimony at trial of these witnesses (the alleged incompetence of counsel) and the defendant's conviction.
The trial court should not have to speculate as to the nature of this testimony when it is asked to grant an evidentiary hearing.
Therefore, we see no reason of record to reject the denial by the trial court of an evidentiary hearing based on a motion defective in form. See State v. Reynolds, 238 So.2d 598 (Fla. 1970) and Hons v. State, 285 So.2d 66 (Fla.2d DCA 1973).
AFFIRMED.
CROSS, J., and SMITH, ROBERT P., Jr., Associate Judge, concur.