404 So.2d 137 (1981)
James Perry ABLES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 81-997.
District Court of Appeal of Florida, Fifth District.
September 2, 1981.
Rehearing Denied September 30, 1981.
*138 James Perry Ables, in pro. per.
No appearance for appellee.
COBB, Judge.
Appellant Ables filed a motion to vacate pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged ineffective assistance of counsel. The trial court reviewed the record and then denied the motion without an evidentiary hearing. Ables has appealed that denial of his motion.
Since the motion was facially insufficient, we find the appeal to be without merit. However, in light of the number of these motions that are being filed alleging ineffective assistance of counsel, we believe that one of the grounds raised by Ables in his motion should be discussed.
In his motion to vacate, Ables alleged that:
I advised my Attorney of a number of witnesses that had testimony for the defence. Mr. Chester did not talk nor Subpoena any of my said witnesses.
A similar allegation was raised in the case of Clements v. State, 340 So.2d 1182 (Fla. 4th DCA 1976). In Clements, the court stated that the motion to vacate was inadequate because:
There was no proffer of the prospective testimony by affidavit nor even any factual allegation as to what this exculpatory testimony might be. There is nothing in the motion to show admissible evidence would be forthcoming from the witnesses. Hence, there is no showing before this Court of a causal relationship between the failure to obtain the testimony at trial of these witnesses (the alleged incompetence of counsel) and the defendant's conviction.
The trial court should not have to speculate as to the nature of this testimony when it is asked to grant an evidentiary hearing.
340 So.2d at 1183.
AFFIRMED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.