411 So.2d 1372 (1982)
Richard McMILLIAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-87.
District Court of Appeal of Florida, Fifth District.
April 7, 1982.
*1373 Richard McMillian, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
In this appeal from a denial of a motion for post conviction relief filed under Florida Rule of Criminal Procedure 3.850, the appellant alleges he was denied effective assistance of counsel at trial. It is alleged he was in prison during his pre-trial period and was brought to the county jail only 16 1/2 hours before his trial. He says he never met with his court-appointed attorney before the time of trial and thus was denied due process of law because his counsel could not have been effective in his representation of him. Whether or not counsel was effective is the question. Failing to talk to or prepare the case for a client does not constitute ineffectiveness, per se. But it requires a hearing to determine whether appellant in fact received effective assistance of counsel, and the trial court should not have summarily denied the petition "because the matters alleged were all within the subject matter of the direct appeal."
The state says the appellant should be denied relief summarily because he raised the issue on appeal and lost. The precise issue raised in his plenary appeal was "The Court erred as a matter of law in denying Defendant's Motion for Continuance." The entire argument on this issue in appellant's brief, which was prepared by his trial counsel who is alleged to have been incompetent, is: "The Appellant was incarcerated at a distance of more than 100 miles from Orlando prior to the trial and was returned to Orlando only 16 1/2 hours before the trial, and thereby his attorney was unable to properly prepare the defense. Under the case of Christie v. State, [94 Fla. 644] 114 So. 45 (Fla.Sup.Ct. 1927),[1] appellant should have been granted a continuance." Why the appellate court did not grant relief under this point on appeal is of course unknown to us but it might have been because the record did not support the point on appeal, or it might even have been because *1374 counsel failed to present the point adequately enough for the judges to understand the point. In any event it cannot be said conclusively that the issue of the competence of counsel was raised and decided by the court in that appeal. Also, the issue of competency of counsel is usually raised by collateral attack rather than direct review from the conviction.
The appellant has raised an issue to be considered under Florida Rule of Criminal Procedure 3.850. It has not been shown that issue has been considered and decided before and no record before us refutes the allegation of ineffective assistance of counsel. Therefore the trial court must hold a hearing to take evidence and decide the issue. Meeks v. State, 382 So.2d 673 (Fla. 1980); Brown v. State, 409 So.2d 129 (Fla. 5th DCA Jan. 27, 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981); Wade v. State, 402 So.2d 534 (Fla. 5th DCA 1981); Benton v. State, 401 So.2d 1114 (Fla. 5th DCA 1981); Stephens v. State, 399 So.2d 1106 (Fla. 5th DCA 1981); Gunn v. State, 378 So.2d 105 (Fla. 5th DCA 1980); Payne v. State, 362 So.2d 688 (Fla. 2d DCA 1978).
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
Appellant claims he was denied effective assistance of counsel by counsel's failure to have appellant returned from prison in time to prepare for trial. There is only the implication that trial counsel could not have been effective at trial because of the short time between appellant's return and the actual trial and no particulars are alleged as to the general claim that counsel was ineffective.[1] Defense counsel does not control, and is not responsible for, the time when his client is moved from prison to the place of trial nor for the time set for trial. Here appellant's trial counsel did the one thing counsel should do when faced with this situation and that is to move for a continuance of the trial on the ground of the need for a more adequate time and opportunity for counsel to consult with his client and to prepare for trial. Counsel's pre-trial motion for a continuance was made and denied and the trial court's denial was reviewed on appeal and affirmed. Appellant's complaint in this 3.850 motion, filed 10 years after his conviction, is still that the trial court erred in denying the motion for continuance made for the purpose of gaining more time to prepare for trial. There is no difference in substance and in law between appellant's pre-trial claim that he was entitled to a continuance because it was necessary for his trial counsel to have more time to prepare in order to be effective at trial (which was the basis for the motion for continuance and the subject of the argument on the direct appeal from its denial) and appellant's present claim on this 3.850 motion that his trial counsel must have been ineffective because the motion for continuance was denied, causing his trial counsel to have inadequate time to prepare for trial. Thus, the substance of the matter here was presented on the prior direct appeal and is not a proper subject of appellant's 3.850 motion, the summary denial of which should be affirmed.
Even if appellant's motion is read to allege ineffective assistance of counsel in that his counsel did not confer with him until shortly before trial, the motion should still be denied, as a matter of law, because it does not allege a prima facie case of ineffectiveness. Appellant does not allege what facts or theories of defense he would have told defense counsel that defense counsel did not already know. Consequently, appellant has not alleged how, if at all, this supposed lack of knowledge prejudiced his case. When a prisoner asserts, via a 3.850 motion, that his trial counsel was ineffective because counsel did not interview or call a certain witness for the defense, the *1375 prisoner is required to proffer what testimony that witness would have given, that it would have been admissible and that he was prejudiced by such failure on trial counsel's part. A motion which fails to do so is fatally deficient and should be summarily denied without the necessity of an evidentiary hearing. See, e.g., Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981); Clements v. State, 340 So.2d 1182 (Fla. 4th DCA 1976). Such a requirement should equally apply to an allegation that trial counsel did not interview the prisoner, since the prisoner must necessarily now know the facts, if any, that he is claiming counsel failed to discover and present at trial. Accordingly, I would affirm the summary denial of appellant's 3.850 motion.
NOTES
[1] The citation is incorrect. Appearing at 114 So. 45 is an Alabama case involving principal and agent law as regards a promissory note. The Christie case appears at page 450 of that same volume 114 So.
[1] "The specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading." Knight v. State, 394 So.2d 997 (Fla. 1981).