452 So.2d 537 (1984)
William Thomas ZEIGLER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 63606.
Supreme Court of Florida.
June 21, 1984.
*538 William F. Duane, Orlando, for appellant.
Jim Smith, Atty. Gen. and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
ADKINS, Justice.
This case is before us on direct appeal from a denial, without an evidentiary hearing, of Zeigler's motion to vacate, set aside, or correct conviction. Fla.R.Crim.P. 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Zeigler was convicted of first-degree murder and sentenced to death in July, 1976. His conviction and sentence were appealed to this Court and both were affirmed in July, 1981. Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982). The facts of the case are set forth in that opinion and need not be repeated here.
In Zeigler's rule 3.850 motion he asserted the following nineteen grounds for his challenge: 1) that the trial court violated his rights to due process and equal protection when it refused to admit evidence showing the results of a sodium butathol examination conducted on him; 2) that his right to due process was violated when an actually or potentially biased trial judge presided over his trial; 3) that the grand jury indictment of him was invalid; 4) that the investigating agency and the state attorney exhibited a pattern of obstruction and delay and actual destruction and suppression of evidence; 5) that his conviction and sentence were obtained by the presentation of evidence seized in violation of his fourth amendment rights; 6) that the prosecutor improperly commented to the jury on evidence; 7) that the jury deliberations were tainted by undue pressure from the trial judge and by the use of intoxicants; 8) that *539 the trial judge improperly imposed the death penalty after the jury had recommended life; 9) that Zeigler was denied effective assistance of counsel at the guilt and penalty phases of his trial; 10) that the death penalty is imposed in Florida in an arbitrary, capricious and irrational manner; 11) that the trial court failed to define the burden of proof to the jury; 12) that the trial court's construction of the aggravating circumstance of "heinous, atrocious and cruel" was unconstitutionally broad and vague; 13) that the trial court failed to adequately guide and channel the jury's discretion; 14) that the trial court improperly found and weighed certain aggravating circumstances; 15) that the trial judge improperly limited consideration of mitigating circumstances to those enumerated in the statute; 16) that the instructions to the jury in the penalty phase improperly shifted the burden of proof; 17) that the Florida death penalty statute is unconstitutional as applied; 18) that because of an ambiguity in the scope of mitigating circumstances, persons sentenced prior to July 3, 1978, were deprived of a fully individualized sentence determination; 19) that Zeigler was deprived of due process when the state failed to provide notice of the aggravating circumstances upon which it would rely.
In spite of Zeigler's novel, though not convincing, argument that all nineteen points should be viewed as a pattern which could not be seen until after the trial, we hold that all but two of the points raised either were, or could have been, presented at trial or on direct appeal. Therefore, they are not cognizable under rule 3.850. Demps v. State, 416 So.2d 808, 809 (Fla. 1982); Meeks v. State, 382 So.2d 673, 675 (Fla. 1980); Adams v. State, 380 So.2d 423, 424 (Fla. 1980). The two issues which were properly before the court below were Zeigler's claim that he did not receive effective assistance of counsel at trial and his claim that his right to due process and a fair trial, under the sixth and fourteenth amendments of the United States Constitution, was violated when an actually or potentially biased trial judge presided over his trial.
After applying the standards which we adopted in Knight v. State, 394 So.2d 997 (Fla. 1981), we hold that the trial court properly denied Zeigler's claim of ineffective assistance of counsel. His contention is without merit because the motion itself falls short of the requirements of Knight and also because there was no indication of the availability given during oral argument that evidence was available to support his allegation. The same result would be reached under Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because the standard set forth in that case "does not differ significantly with the Knight standard." Jackson v. State, 452 So.2d 533, 535 (Fla. 1984). See also Downs v. State, 453 So.2d 1102 (Fla. 1984). Therefore, there is no requirement for an evidentiary hearing on this issue.
Zeigler makes several allegations in his argument on the issue of bias on the part of the trial judge, Judge Maurice Paul. All but one of these involve facts and circumstances known at the close of the trial. Therefore, those issues could have been addressed on direct appeal and are not cognizable under rule 3.850. There is one allegation the factual basis of which was not known until January, 1981. This allegation involves a sworn statement obtained by the defense from former Orange County Deputy Sheriff Leigh McEachern. This sworn statement by McEachern was not presented to Judge Byrd, who presided at the rule 3.850 hearing. Zeigler alleges that Mr. McEachern related in that sworn statement a meeting at the state attorney's office which was attended by Robert Eagan, State Attorney; Don Frye, Orange County Investigator; Judge Paul, the presiding judge; and Mr. McEachern. At this meeting Mr. Eagan allegedly explained to Judge Paul the evidence against Mr. Zeigler. Toward the end of the conference, Judge Paul allegedly made a statement to the effect, "Bob, you get me one first-degree murder conviction and I'll fry the son of a bitch." The state presented sworn statements from *540 Judge Paul, Mr. Eagan and Mr. Frye, all of whom expressly denied Mr. McEachern's alleged statement. Judge Byrd chose to believe the statements of Judge Paul and Mr. Eagan and to disbelieve Zeigler's allegation. Based on our review of the record, we cannot say that Zeigler's allegation conclusively shows a lack of merit so as to obviate the need for an evidentiary hearing into the matter. See Meeks v. State.
We also hold that, although the allegation of bias is based on a fact newly discovered by the defense, it is an issue properly considered in the rule 3.850 motion in this instance. Generally, an appellant may not raise "newly discovered evidence" under the rule 3.850 motion. See Smith v. State, 400 So.2d 956 (Fla. 1981); Hallman v. State, 371 So.2d 482 (Fla. 1979). The proper remedy is usually an application for a writ of error coram nobis to the appellate court. The writ may only be granted when, among other requirements, the newly discovered fact was unknown by the trial court, by the party, or by counsel at the time of the trial. See Hallman v. State. These newly discovered facts have in prior cases gone to the actual substance of the trial and could possibly support a reversal of the conviction in question. In the instant case, however, we have a statement which, if true, would possibly support resentencing, not reversal, of conviction. The statement reflects only on the sentencing attitude of the judge. In addition, if the statement was made, it was certainly within the knowledge of the trial court at the time of the trial and Zeigler would therefore be denied a writ of error coram nobis if we treated this appeal as such. This would have the unfortunate result of leaving an appellant with no remedy when there is possible misconduct or bias on the part of the trial judge relating to sentencing and discovered after the trial. The law does not intend such unjust results, particularly in the case of a death-sentenced individual.
Accordingly, we reverse the trial court's order to the extent that the order denies relief under rule 3.850 with respect to possible bias on the part of the trial judge in sentencing Zeigler. In all other respects the order is affirmed. We remand this case to the trial court for a prompt evidentiary hearing on the question of the alleged statement of Mr. McEachern.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.