COBB, Chief Judge,
concurring specially:
The record in this cause indicates that the trial judge may have relied, at least in part, on language from the case of Clements v. State, 340 So.2d 1182 (Fla. 4th DCA 1976), which was quoted with approval in Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981), to-wit:
There was no proffer of the prospective testimony [of putative witnesses not called by defense counsel] by affidavit nor even any factual allegation as to what this exculpatory testimony might be.
340 So.2d at 1183.
By our holding herein, we are reaffirming the principle that allegations as to such proffered testimony in a 3.850 motion must be detailed and specific[1] — but it is not required that such a motion be supported by affidavits of the indicated witnesses. The rule requires that the motion itself be sworn to by the movant, but there is no requirement either in the rule or in cases discussing it that there be supporting affidavits. See e.g., Vaught v. State, 442 So.2d 217 (Fla.1983); Meeks v. State, 382 So.2d 673 (Fla.1980).

. See Knight v. State, 394 So.2d 997 (Fla.1981).