COBB, Chief Judge.
The defendant, Douglas B. Hoxie, filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 based upon the ground, inter alia, of ineffective assistance of counsel. Hoxie had been convicted in the Circuit Court of Lake County of attempted manslaughter, aggravated assault and fleeing or attempting to elude a police officer, all based on an incident that occurred near the border of Lake and Sumter Counties. Proper venue was an issue at trial and on appeal, where the convictions were affirmed without opinion. Had Hoxie been able to show that the crimes actually were committed in Sumter County, the convictions clearly could not stand. See Tucker v. State, 459 So.2d 306 (Fla.1984); Powell v. State, 132 Fla. 659, 181 So. 901 (1938).
It was Hoxie’s contention that his trial lawyer failed to produce at trial a legal map, which was available to him, depicting Lake and Sumter Counties and showing that the crime occurred completely in Sumter County; the introduction of such a map, alleges Hoxie,[1] would have resulted in a dismissal of the Lake County charges. The trial court below summarily disposed of this contention without evidentiary hearing on the basis that the jurisdictional issue had been litigated and decided against Hox-ie at trial and on appeal.
The point, of course, is that the trial or appellate results may have been different had the defendant’s trial counsel produced the map in question. Nothing on the face of the motion, nor in any file or record attached to the trial court’s order, conclusively shows otherwise.[2] We confronted a similar situation in McMillian v. State, 411 So.2d 1372 (Fla. 5th DCA 1982), and rejected the state’s argument that the defendant’s ineffective counsel contention had been appealed and decided adversely to him:
Why the appellate court did not grant relief under this point on appeal is of course unknown to us but it might have been because the record did not support the point on appeal, or it might even have been because counsel failed to present the point adequately enough for the judges to understand the point.
Id. at 1373-74.
If, as alleged, trial counsel failed to introduce an available map clearly showing the site of the crime to have been completely in Sumter County, then such an omission was substantial and prejudicial. See Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984). Accordingly, we reverse for an evidentiary hearing on this issue, or for the trial court to attach a portion of the record showing that Hoxie is not entitled to relief.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ., concur.

. At a hearing before the trial court on the 3.850 motion, Hoxie was allowed to amend his written 3.850 motion by a sworn explanation of it before the trial court.

. The state contends in its brief that the trial record clearly shows that the shooting in this case occurred in Lake County, but that record is not before us at this time.