COBB, Chief Judge.
Appellant, Wayne Horn Lilley, was convicted of two counts of robbery with a deadly weapon. He now appeals the denial by the lower court of an evidentiary hearing on his 3.850 motion for post-conviction relief. Appellant raises a number of points; however, only one merits discussion.
Appellant contends that he was denied effective assistance of counsel at trial because he met with his counsel on only one occasion prior to trial, and then for only three to five minutes. The state argues that as Lilley has not stated what additional things he may have told defense counsel which would have aided him at trial, he has not alleged prejudice.
In the ease of McMillian v. State, 411 So.2d 1372 (Fla. 5th DCA 1982), we were confronted with the summary denial of a 3.850 motion wherein it was alleged that the defendant’s court-appointed counsel never conferred with the defendant prior to trial. We held that this allegation, if true, did not constitute ineffectiveness per se, but did require an evidentiary hearing to determine whether or not counsel was ineffective. On the other hand, in Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981), we found an allegation of ineffectiveness of counsel to be facially insufficient where it merely asserted that certain witnesses were not called and where there was no representation as to their prospective testimony or its exculpatory benefit to the defendant. We held that there was no showing of a causal relationship between the absence of the testimony of the indicated witnesses and the defendant’s conviction. See also Clements v. State, 340 So.2d 1182 (Fla. 4th DCA 1976).
In the instant case, unlike McMillian, defense counsel did confer with the defendant prior to trial, even though it was for a short period of time. See Fuller v. Wainwright, 238 So.2d 65 (Fla.1970); Brown v. State, 191 So.2d 612 (Fla. 3d DCA 1966) review denied, 201 So.2d 230 (Fla.1967); see also Jones v. Wainwright, 604 F.2d 414 (5th Cir.1979). As in Abies and Clements, there is no specific allegation showing what exculpatory evidence or defense was available to the defendant that was denied to him. Instead, the trial court was confronted with vague and conclusionary allegations that defense counsel:
[FJailed to file appropriate pretrial motions; he failed to properly investigate the Defendant’s defense of alibi; he failed to interview sixteen material witnesses on behalf of the Defendant’s non-guilt defense; he failed to function adequately in the capacity of an advocate.
These allegations are not sufficiently specific to require an evidentiary hearing. See Magill v. State, 457 So.2d 1367 (Fla.1984); Zeigler v. State, 452 So.2d 537 (Fla.1984); Messer v. State, 439 So.2d 875 (Fla.1983). As pointed out by the Florida Supreme Court, “the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in *58 the appropriate pleading.” Knight v. State, 394 So.2d 997, 1001 (Fla.1981).
AFFIRMED.
ORFINGER J., concurs.
SHARP, J., dissents with opinion.