SHARP, Judge,
dissenting.
I dissent in this case because I think the allegations of appellant that his defense counsel only conferred with him three to five minutes on one occasion prior to trial are sufficient to merit an evidentiary hearing to determine whether or not trial counsel was ineffective pursuant to standards set in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In McMillian v. State, 411 So.2d 1372 (Fla. 5th DCA 1982), we held that an evi-dentiary hearing was necessary in a case where trial counsel failed to meet with appellant at all, before trial: “it requires a hearing to determine whether appellant in fact received effective assistance of counsel, and the trial court should not have summarily denied the petition.” Id. at 1373. A three to five minute conference, in my view, is next to no conference, in the context of a jury trial involving two felony counts.