495 So.2d 276 (1986)
Mack Reed TEDDER, II, Appellant,
v.
STATE of Florida, Appellee.
No. 86-701.
District Court of Appeal of Florida, Fifth District.
October 2, 1986.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Mack R. Tedder, who is serving a life sentence for murder, filed a pro se 3.850 motion below, which was summarily denied on the basis of laches. See Tolar v. State, 196 So.2d 1 (Fla. 4th DCA 1967). Laches, however, requires a showing of prejudice to the state. See Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970). There was no such showing here. Nor was there an inquiry into Tedder's exercise of due diligence. See Babson v. Wainwright, 376 So.2d 1187 (Fla. 5th DCA *277 1979), cert. denied, 388 So.2d 1109 (Fla. 1980). Therefore, the trial court's reason for denying the motion was erroneous.
Nevertheless, the trial court's summary denial of the motion should be affirmed if it is facially insufficient. Lilley v. State, 483 So.2d 56 (Fla. 5th DCA 1986). We first note that allegations pertaining to ineffective assistance of counsel must be detailed in an appropriate pleading. Knight v. State, 394 So.2d 997, 1001 (Fla. 1981). Moreover, the pleader must proffer evidence which is available to support the specific factual allegations. Zeigler v. State, 452 So.2d 537, 539 (Fla. 1984). Those facts must be of a prejudicial nature. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2069-2070, 80 L.Ed.2d 674 (1984); Harich v. State, 484 So.2d 1239 (Fla. 1986).
Upon our review of the sworn allegations in petitioner's motion, we find no specific factual allegations in regard to deficient conduct by counsel depriving petitioner of an exculpatory benefit so as to justify an evidentiary hearing. See Anderson v. State, 471 So.2d 661 (Fla. 1st DCA 1985); Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981).
Affirmed.
DAUKSCH and COWART, JJ., concur.