PER CURIAM.
In August, 1978, appellant was charged with four counts of armed robbery, one count of attempted armed robbery and one count of unlawful possession of a firearm while engaged in a criminal offense. Prior to being charged, appellant filed a demand for speedy trial. It does not appear from the record that appellant filed a request for discovery, although he did respond to the state’s request for same. On the day of trial, appellant alleged that the state had not complied with his discovery requests in that a co-defendant, Capaldi, had given several statements (one of which had been given to the defense) in exchange for grants of immunity, containing Brady material. The court directed the prosecution to locate all other statements made by Ca-paldi. The following day the state provided one additional statement, and denied knowledge of any others. Appellant objected to the state’s failure to produce the other statements, but the court stated it was satisfied that the state was not holding back and consequently proceeded with the trial. Capaldi testified that he had originally received immunity from charges only in Martin County in exchange for his plea bargain, but then, on advice of his counsel, he gave some five statements concerning all crimes in which he had been involved implicating other people, including appellant, in exchange for immunity. He also testified that appellant was involved in the instant robbery. Several victims of the robbery corroborated Capaldi’s testimony that appellant had been one of the co-perpetrators involved and that appellant had carried a gun during the robbery. Appellant was found guilty on five counts and was sentenced to life on three counts of armed robbery with a firearm (he was acquitted of one robbery charge by a judgment of acquittal), fifteen years for attempted murder, and five years for unlawful possession, all to run concurrently. Appellant filed a motion for post-conviction relief, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of counsel in that no appeal was filed on his behalf, and that the court erred in failing to conduct a Richardson inquiry. This motion was summarily denied. Appellant then filed a belated notice of appeal from his convictions and an appeal from the denial of his Rule 3.850, Florida Rules of Criminal Procedure motion. These were consolidated for appellate purposes.
Turning to the appeal, the appellant contends that the trial court erred in failing to conduct a Richardson hearing, as there was a violation of criminal Rule 3.220, Florida Rules of Criminal Procedure. We first find no violation of section (a)(l)(ii) of this rule because, no demand for discovery was made. We likewise find no violation of Section (a)(2), because the inquiry conducted by the trial court revealed no evidence retained by the state and no discovery which was exculpatory in nature. See Perry v. State, 395 So.2d 170 (Fla.1981); State v. Counce, 392 So.2d 1029 (Fla. 4th DCA 1981); Thomas v. State, 374 So.2d 508 (Fla. 1979); Clements v. State, 340 So.2d 1182 (Fla. 4th DCA 1976); Comer v. State, 318 So.2d 419 (Fla. 3d DCA 1975); Pons v. State, 278 So.2d 336 (Fla. 1st DCA 1973); State v. Gillespie, 227 So.2d 550 (Fla. 2d DCA 1969). Therefore we find no merit to the appeal from the adjudication upon the jury’s verdict.
As to the appeal seeking review of the denial of the 3.850 motion, we find no merit as the petition is “facially” insufficient. As was recently stated in Tedder v. State, 495 So.2d 276, 277 (Fla. 5th DCA 1986):
“Nevertheless, the trial court’s summary denial of the motion should be affirmed if it is facially insufficient. Lilley v. State, 483 So.2d 56 (Fla. 5th DCA 1986). We first note that allegations pertaining to ineffective assistance of counsel must be detailed in an appropriate pleading. Knight v. State, 394 So.2d 997, 1001 (Fla.1981). Moreover, the pleader must proffer evidence which is available to support the specific factual allegations. Zeigler v. State, 452 So.2d 537, 539 (Fla. 1984). Those facts must be of a prejudicial nature. Strickland v. Wash *521 ington, 466 U.S. 668, 104 S.Ct. 2052, 2069-2070, 80 L.Ed.2d 674 (1984); Harich v. State, 484 So.2d 1239 (Fla.1986). Upon our review of the sworn allegations in petitioner’s motion, we find no specific factual allegations in regard to deficient conduct by counsel depriving petitioner of an exculpatory benefit so as to justify an evidentiary hearing. See Anderson v. State, 471 So.2d 661 (Fla. 1st DCA 1985); Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981).”
Therefore, for the reasons above stated, the verdict, adjudication of guilt and sentences thereon, be and the same are hereby affirmed and the order denying the 3.850 motion be and the same is hereby affirmed.
Affirmed.