SHIVERS, Judge.
Defendant, Sylvester Sims, filed a motion for post-conviction relief on August 20, 1986, alleging that trial counsel rendered ineffective assistance by: (1) coercing defendant to enter a guilty plea; (2) allowing appellant to plead guilty to or be charged with Counts I, II, and III, since the first page of the amended information on which they appeared was not signed by the State Attorney; and (3) allowing appellant to enter a guilty plea to two counts of aggravated assault with a deadly weapon and one count of use of a deadly weapon during the commission of a crime, since appellant had used only a common pocket knife. The trial court denied the motion on the basis that the claim of ineffective assistance of counsel should have been included in appellant’s earlier-filed motion for modification of sentence and, further, that it appeared from the record that appellant had voluntarily entered a plea of guilty after a full and complete interrogation. The court attached a portion of the plea and sentencing proceedings to the order denying the motion.
We affirm the trial court’s denial of appellant’s first ground for post-conviction relief since the attached portion of the record refutes appellant’s claim that he was improperly coerced. Appellant’s second and third grounds, however, were improperly denied on the basis that they should have been raised in his motion for modification of sentence. The provisions for modification under Fla.R.Crim.P. 3.800(b) allow only for modification of legal sentences. Further, it is well-established that a claim for ineffective assistance of counsel is to be raised in a motion for post-conviction relief.
Accordingly, we affirm in part, reverse, and remand for the trial court to either attach those portions of the file and record which conclusively show that defendant is not entitled to any relief, or to conduct further proceedings pursuant to Fla.R. Crim.P. 3.850.
SMITH and WENTWORTH, JJ., concur.