MILLS, Judge.
Yeager appeals the summary denial of his motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P., in which he alleged ineffective assistance of counsel, imposition of an illegal sentence exceeding the recommended guidelines range, and coercion of his guilty plea by threats and misinformation. We affirm in part and reverse in part.
A defendant making an allegation of ineffective assistance of counsel must first allege a specific omission or overt act upon which his claim is based. Knight v. State, 394 So.2d 997,1001 (Fla.1981). If he fails to do so, the motion is facially insufficient. Finney v. State, 502 So.2d 519 (Fla. 3d DCA 1987). Here, Yeager simply stated that “[c]ounsel was, at every step of the proceeding, ineffective.” The summary denial of the motion as to this allegation was not error.
Yeager next alleges that he was illegally sentenced outside the guidelines. However, a court can depart from the guidelines when the plea agreement specifies a longer sentence, Johnson v. State, 458 So.2d 850 (Fla. 2d DCA 1984). The unsigned plea form appearing in the record in fact indicates that Yeager agreed to the 15-year sentence imposed herein. However, he alleges that the underlying plea of guilty was not voluntary in that it was induced by threats of harsher treatment should he refuse to plead. See Dutton v. State, 504 So.2d 435 (Fla. 2d DCA 1987) (a plea of guilty is not voluntary if induced by threats of harsher treatment should the defendant insist upon his right to trial).
While denial of a motion which alleges that a plea was coerced is proper where the trial court attaches portions of the record refuting the defendant’s allegations, Sims v. State, 506 So.2d 1154 (Fla. 1st DCA 1987), in this case it does not appear that the trial court attached anything to its order denying the motion. Even if the plea form included elsewhere in the record is construed to be attached to the order, the trial court specifically relied on the existence of a “written and signed plea” to refute Yeager’s allegations of coercion. The instant plea form, while written, is completely unsigned.
Based on the trial court’s failure to attach any document or other evidence from the record that contradicts Yeager’s claim that his plea was coerced, we reverse as to that allegation and remand for the trial court either to attach the portions of the record and/or file conclusively showing that Yeager is entitled to no relief or to *75 conduct further proceedings pursuant to Rule 3.850.
ERVIN and NIMMONS, JJ., concur.